SAMUEL CAMPBELL *Ex'r.*, vs. WATKINS & WIFE, and others.

### WILL CONSTRUED.—*Advancements.*

A will directed that the testator's property should be reduced to money and divided as follows : to Miss Margaret Watkins, the testator's daughter, one half the money, *less* the *previous value of the slaves* heretofore given her; the other half to her grand-daughters &c. *Held*, that the slaves are to be computed as advancements their value added to the fund, and the whole divided as directed in the will, giving the daughter one half of the aggregate fund.

CARUTHERS J. delivered the opinion of the Court :

This bill is filed for the construction of the will of Mary Linster, and directions as to the execution of the trusts.. After providing for the payment of her debts, and the sale of all her property real and personal, she contiunes, in item third:

"After my debts are paid, and all the money collected * * * * * from all sources whatever, I direct the same to be divided as follows : to Mrs. Margaret Watkins, my daughter, I will one half the money, *less the present value of the slaves* I have heretofore given, to her sole and separate use and benefit for and during her natural life, and after her death the same to be equally divided between her children. The balance of the money I will to my three grand children, Elizabeth Slater, Thomas Slater, Mary M. Slater, to be equally divided between them. But the shares of my grand daughters I give to them for their separate use and benefit, for and during their natural lives respectively, and after their deaths, or the death of either of them, to be equally divided between their children."

The first part of the clause produces the difficulty, and

the disputed question is, whether the daughter, Mrs. Watkins, is only to receive the amount which would remain after deducting the value of the slaves previously given to her by the testatrix from one half of the fund, or is she only to account for the slaves as an advancement, so as to make her equal in the aggregate, made up of the money to be distributed, and the slaves added. The former might seem to be the literal interpretation of the language employed, but surely it could not have been the intention. By that construction her living daughter would get less by the value of the slaves, than the children of the deceased daughter. This discrimination against the living child could not have been intended. At first glance the consequences and results of the different constructions may not be seen, but they will be manifest upon a little reflection. A supposed case, which might well be the real one, will illustrate the effect of the two interpretations. If the money to be divided under the will should be $10,000, and the value of the slaves $2,000, the literal construction would leave for the daughter $3,000 of the fund, for that is the half, *less* the value of the slaves, which would make for her in all $5,000, and leave for the children of the dead daughter $7,000 in money. That would be $5,000 to one, $7,000 to the other. Such could never have been the intention. If the mother had intended to discriminate at all, it would be reasonable to suppose that it would have been in favor of the living daughter. Her object was manifestly to produce equality, but the language used is ambiguous. This is one of the cases where the letter must yield to the spirit of the instrument, so as to carry out the evident intention. The rule of dividing the fund must be to regard the value of the slaves in the nature of an advancement, and add it to the fund, and divide the total equally, or as the Chancellor directs to pay over to the grand children, out of the fund,

an amount equal to the value of the slaves, and then give each one half of what may remain.

The decree will be affirmed and the cause remanded for further proceedings under it. (1)

*Decree affirmed.*

(1) In the construction of wills the scope and import of the entire instru mn t are to govern for the purpose of discovering the intention of the testator, and such intention, when discovered, is of paramount and controlling influence. Ruse J., in Williams v. Williams, 10 Yerg. 20 25. See to a like effect, Henry v. Hogan, 2 Humph. 208, 210; Fulkerson v. Bullard, 3 Sneed, 260, 263 ; Thompson v. McKisick, 3 Humph. 631, 634; and others.