(70 App. Div. 134.)

KITTEL v. DOMEYER et al.

(Supreme Court, Appellate Division, First Department. March 14, 1902.)

1. LIFE INSURANCE—WIFE—EXEMPTION—LIMIT.
    Under Laws 1858, c. 187, as amended by Laws 1870, c. 227, and Laws 1896, c. 272, § 22, providing that a married woman may cause the life of her husband to be insured, and receive the money payable by the terms of the policy as her separate property, free from any claim of a creditor or representative of her husband, except that, where the premium actually paid annually out of the husband's property exceeds $500, that portion of the insurance which is purchased by the excess of $500 is primarily liable for the husband's debts, where an insolvent pays annual premiums of more than $500 for insurance on his life payable to his wife, his administrators or creditors are entitled to only so much thereof as was purchased by the excess over $500, the amount purchased, to that extent, being exempt to the wife.

2. SAME—EXCESS—ACTION TO RECOVER—PARTIES.
    An individual creditor cannot maintain an action to recover such excess for his own benefit, but it must be recovered by the administrator or executor for the benefit of all the creditors, or, if he refuse, by a creditor suing for the benefit of all.

3. SAME—AMENDMENT OF EXEMPTION LAW—VALIDITY—EFFECT.
    Under Laws 1870, c. 227, where an insolvent purchased insurance on his life, payable to his wife, paying therefor annual premiums in excess of $500, the amount of such excess payments, with interest thereon, inured to the benefit of his creditors. By the amendment (Laws 1896, c. 272, § 22) it was provided that the insurance purchased with such excess of payment over $500 should be primarily liable for the husband's debts. *Held*, that the amendment of 1896 was valid, and applicable to policies issued before its passage, where the insured died after it took effect.

4. SAME—POLICIES ASSIGNED.
    Where an insolvent husband paid annual premiums on insurance on his life, payable to his wife, in excess of the amount exempt to her, and a portion of the policies was assigned to secure his debts, the amount paid for the policies so assigned cannot be reckoned as a part of the premium exemption belonging to the wife, so as to reduce the amount of insurance she is entitled to on the husband's death.

Appeal from special term, New York county.

Action by Woldemar Kittel against Charlotte Domeyer and others. From a judgment for plaintiff, both plaintiff and defendant Charlotte Domeyer appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-LIN, INGRAHAM, and LAUGHLIN, JJ.

George H. Fletcher, for plaintiff.

Charles C. Sanders, for defendant Charlotte Domeyer.

McLAUGHLIN, J. Frederick Domeyer died January 31, 1900, and at the time of his death his wife, the defendant Charlotte Domeyer, held three insurance policies for $10,000 each upon his life, by the terms of which the amounts secured thereby were payable to her,— one issued by the Provident Savings Life Assurance Society of New York June 1, 1892, one issued by the United States Life Insurance Company August 30, 1893, and one issued by the Penn Mutual Life Insurance Company August 26, 1895. The plaintiff also held three policies, aggregating $10,000, issued on the 4th of June, 1891, by the Provident Savings Life Assurance Society of New York upon the life of Frederick Domeyer, payable to the defendant Charlotte Domeyer, and which were, on the 25th of September, 1894, assigned by Mrs. Domeyer and her husband to the plaintiff as collateral security for the payment of a debt then due him from the husband. The United States Company and the Penn Company paid to Mrs. Domeyer the amounts covered by their respective policies after deducting the premiums due. The Provident Company paid into court the amount secured by the policy issued June 1, 1892, but refused to pay the policies assigned to the plaintiff, for the reason that the proceeds of such policies were claimed by both the plaintiff and the defendant Charlotte Domeyer. Thereupon this action was brought to procure a judgment establishing an alleged claim of the plaintiff against the estate of Frederick Domeyer, deceased, and adjudging that the proceeds of the three policies theretofore assigned belonged to him, to be applied towards the satisfaction of his claim, and also adjudging that he had a lien, sufficient to satisfy his claim, upon the proceeds of the other policies, for any sum that might remain after such application. The plaintiff had a judgment establishing his claim against such estate at $18,939.28 and directing the Provident Company to pay to him the proceeds of three policies theretofore assigned, such proceeds to be applied towards the satisfaction of his claim; and also adjudging that he had a lien upon the proceeds of the other policies, except the one issued by the United States Company, and as to that he had a lien for so much of the proceeds as was purchased by the annual premiums in excess of $74; and directing the wife to pay to the administrator of Frederick Domeyer, deceased, so much of the proceeds of the policy issued by the United States Company as was purchased by the annual premiums in excess of $74, and the entire proceeds of the policy issues by the Penn Company; also directing that the money theretofore paid into court on the $10,000 policy issued by the Provident. Company be also paid to the administrator. From this judgment both parties have appealed.

The plaintiff apparently succeeded at the trial, and he seeks to sustain the judgment in this court substantially upon the theory that, inasmuch as Frederick Domeyer for several years prior to his death was insolvent, and during that time the premiums on all of the policies referred to exceeded $500 a year, and such premiums were paid by the deceased out of his own property, the plaintiff, as a creditor, is entitled to recover, after applying the proceeds of the policies assigned to him, the balance of his claim out of the proceeds of the other policies; in other words, that he has a lien given to him by statute on such proceeds. The question presented, therefore, is whether the plaintiff, as a creditor of the estate of Frederick Domeyer, deceased, is entitled, after applying the proceeds of the policies theretofore assigned to him, to so much of the proceeds of the other policies as will be sufficient to satisfy his claim in full. The determination of this question necessarily involves a consideration of the statutes in relation to insurance obtained by a wife on the life of her husband when the premiums upon the policies have been paid out of the property of the husband. The first statute giving to the wife the right to insure the life of the husband is chapter 80 of the Laws of 1840, but it did not in terms permit the use of the husband's property to pay the premiums upon such policies, and the first statute which did was chapter 187 of the Laws of 1858, which was amended by chapter 277 of the Laws of 1870, and further amended by section 22, c. 272, of the Laws of 1896. The statute, as amended by the Laws of 1896, provides that:

"A married woman may, in her own name, or in the name of a third person, with his consent as her trustee, cause the life of her husband to be insured for a definite period, or for the term of his natural life. Where a married woman survives such period or term, she is entitled to receive the money payable by the terms of the policy as her separate property and free from any claim of a creditor or representative of her husband, except that where the premium actually paid annually out of the husband's property exceeds $500 that portion of the insurance money which is purchased by excess of $500 is primarily liable for the husband's debts."

The amount of premiums annually paid on the policies the proceeds of which are here in dispute largely exceeded the $500 provided by this statute, inasmuch as they amounted to $1,262. In order, therefore, to determine the rights of the plaintiff, it is necessary, as already indicated, to construe this statute, and ascertain, if possible, just what the legislature intended by its enactment. The manifest purpose of the statute of 1858, as it seems to us, was to exempt from the rights of creditors a certain share of the income of the husband, which he might apply towards the establishment of a fund for the benefit of his widow. By the act of 1858 the wife was permitted to cause to be insured for her sole benefit the life of her husband for any definite period, or for the term of his natural life; and, in case of her surviving her husband, the insurance becoming due by the terms of the policies payable to her was to be her own property, free from all claims of creditors of her husband. The act, it will be observed, further provided that such exemption should not apply where the amount of the premium annually paid out of the property of the husband exceeded $300. Thus by the express language of the act it would seem that the legislature intended to ex-

empt for the benefit of the wife certain property of the husband, and to put it beyond the reach of his representatives or creditors. That this was the intent is apparent from the fact that the statute expressly provides that the exemption shall not apply—that is, there shall be no exemption—where the amount of premiums paid by the husband on policies for the benefit of his wife shall annually exceed the sum of $300. This was the condition of the statute until the act of 1870 was passed (chapter 277), by which it was amended, so far as the benefits to be derived by the wife were concerned, so as to provide that, "when the premium paid in any year out of property or funds of the husband shall exceed $500, such exemption from such claim shall not apply to so much of the said premium so paid as shall be in excess of $500, and such excess, with the interest thereon, shall inure to the benefit of his creditors." The exemption provided in the act of 1858 was thus increased from $300 to $500; but the whole exemption was not forfeited if there was an excess of premiums paid. Only so much of the premium paid as was in excess of $500 should inure to the benefit of creditors,—that is, not one, but all, of the creditors of the deceased husband,—and such excess was evidently intended to be administered as part of his estate, and in that way distributed pro rata among all the creditors according to their respective claims. The principal, and substantially the only, change whic' seems to have been made by the act of 1896 was that the excess of premium was not the fund which was to inure to the benefit of creditors, but that the insurance purchased by premiums in excess of $500 should be "primarily" liable for the husband's debts, and should be no longer free from the claims of creditors and representatives of the husband. It is, however, claimed on the part of the defendant Charlotte Domeyer that the act of 1896 cannot apply to the proceeds of the policies here in question, inasmuch as they were obtained by her on the life of her husband prior to the passage of that act. We cannot agree to this contention. When the history of the legislation on the subject is taken into consideration with the object and purpose of it, it seems to us that the legislative intent is a mere exemption from the claim of creditors and nothing else. It is, in other words, a gratuity given by the legislature to his wife. The rights involved are not of contract, but of legislative intent. The statutes which were in force at the time the policies were issued did not give to the husband, by the mere issue of such policies, the right, for the term of his life, to appropriate money—which in equity, except for this legislation, belonged to his creditors—to keep alive policies for the purpose of creating a fund for the benefit of his wife when he died. Any change in respect to the right of the husband to use money for the purpose of creating this fund is a mere matter of state regulation, determining what property shall be exempt from execution,.and nothing more. Of course, it could not be said that if a man purchased a farm, and at the time it was exempt from execution by levy from creditors, the legislature would have no right thereafter to remove or alter that exemption. So here all the legislature has done is to alter the exemption so that the creditors can reach the fund created in excess of $500 per year. This is in harmony

with the rule which would have existed had there been no statute whatever on the subject, viz., that the executor or administrator of the estate of the deceased insolvent could, for the benefit of creditors, recover the insurance which had been bought by him with money which should have been applied to the payment of his just debts.

But then the question presented is as to how this claim of the creditors can be enforced. The statute provides that that portion of the insurance money which was purchased by excess of premiums above $500 is "primarily" liable for the husband's debts. The word "primarily" is used as a synonym for the word "first,"—that is, that the excesss of the insurance shall be first liable for the husband's debts, and, secondly, that, after the husband's debts have been satisfied, the remainder of the excess shall belong to the wife. If we are right in thus construing the statute, it necessarily follows that this excess of insurance is a fund for not one, but all, the creditors of the deceased. It is an equitable asset of the estate of the husband, who died insolvent, without sufficient property to pay all his just debts. Therefore the executor or administrator of the husband's estate in the administration of the same is obligated to reduce this equitable asset to possession under the powers conferred by chapter 314 of the Laws of 1858, and distribute the same among all the creditors of the deceased. Of course, the wife cannot be deprived of any part of this insurance which is not necessary for the payment of the debts of the deceased. That this was the legislative intent is indicated by the phrase that this excess of insurance shall be "primarily" liable for the payment of the husband's debts; in other words, if the husband does not leave sufficient property to pay his debts, then the claims of all the creditors are to become a lien upon the insurance purchased by annual premiums in excess of $500, and until such claims have been paid the wife has no interest in such proceeds,—that is, the proceeds of the excess of insurance is property which has been produced by the misapplication of assets of the insolvent husband, and which, under the statute, forms a part of his estate to be distributed, after his other property has been exhausted, among all his creditors.

It may be suggested that the executor or administrator might be unwilling to take the necessary legal proceedings to reduce this insurance to possession. That may be. But if an administrator or an executor refuses to perform his duty he can be removed, and some one appointed in his place, who will properly execute the duties of his trust; or, in case of his refusal, it is possible a creditor, on behalf of himself and all other creditors, might bring an action, making the executor or administrator a party defendant, and alleging that he had refused to bring such action. It seems to us clear, however, that a creditor situated as the plaintiff is has no standing whatever to maintain an action of this character. In this connection it may not be out of place to call attention to the fact that in no event can the premium paid upon the three policies assigned to the plaintiff be charged to the defendant Charlotte Domeyer; in other words, such premiums cannot be considered as a part of the $500 in determining what insurance she is entitled to under the statute. These policies were assigned as collateral security for the payment of the husband's debts

long before his decease. By virtue of the assignment, in which she joined, she thereby, until the husband's debt had been paid, parted with all her interest in such policies. The premiums thereafter used in keeping such policies alive were not for her benefit, but for the benefit of the husband and this plaintiff. The husband had the right—and it was a laudable act on his part—to use so much of his own property as he saw fit to keep those policies alive, in order that he might secure to his creditor the payment of his claim. It needs no argument to demonstrate that, if the plaintiff's claim against the husband's estate exceeds the proceeds of the policies, and for that reason he is entitled to take the entire proceeds, the premium paid cannot be included in the $500 which the husband had a right to use for the purpose of creating a fund for the benefit of his wife after he had died.

It follows, therefore, that the judgment appealed from must be reversed, with costs, and, inasmuch as the plaintiff cannot, under any circumstances, recover in this action, the complaint must be dismissed, with costs to the defendant Charlotte Domeyer. All concur.