(133 App. Div. 610.)

GUFFANTI v. NATIONAL SURETY CO. et al.

(Supreme Court, Appellate Division, First Department.   July 13, 1909.)

PARTIES (§ 10*)—PLAINTIFFS—ONE SUING ON BEHALF OF ALL INTERESTED.
    Under Laws 1907, p. 263, c. 185, requiring all persons engaged in the selling of steamship or railway tickets for transportation to or from foreign countries, and who in conjunction with such business carry on the business of receiving deposits of money for the purpose of transmitting the same to foreign countries, to execute and deliver a bond to the state conditioned for the faithful transmission of such money, etc., one entitled to sue on the bond may sue on behalf of himself and of others similarly situated.
    [Ed. Note.—For other cases, see Parties, Dec. Dig. § 10.*]

Appeal from Special Term, New York County.

Action by Giovanni Guffanti, suing on behalf of himself and all other creditors of Francesco Zanolini, etc., against the National Surety Company, impleaded with Francesco Zanolini. From an interlocutory judgment sustaining a demurrer to the complaint, plaintiff appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Joseph J. Corn, for appellant.
C. Walter Artz, for respondent.

McLAUGHLIN, J.  The complaint alleges, in substance, that the plaintiff deposited with the defendant Zanolini $600 for transmission to a person in Italy, and that Zanolini converted it to his own use, has since been declared a bankrupt, and has absconded.  The action is brought to recover upon a bond given by Zanolini and the National Surety Company as surety, pursuant to chapter 185, p. 263, Laws 1907. The plaintiff brings the action in equity on behalf of himself and all other creditors of Zanolini similarly situated who may join in the action, alleging that there are more than 150 of such creditors, and that the aggregate of their claims is in excess of $15,000, the penalty of the bond.  The surety company demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, also that the plaintiff has not legal capacity to maintain an action in equity on behalf of himself and other creditors similarly situated. The demurrer was sustained upon both grounds, and plaintiff appeals.

First. It is contended that the complaint does not state facts sufficient to constitute a cause of action, because the statute (chapter 185, p. 263, Laws 1907) under which the bond was given is unconstitutional.  That question has recently been considered by this court in Musco v. United Surety Co. (decided at the May term, not yet officially reported) 117 N. Y. Supp. 21, where it was held that the statute is constitutional, and it is unnecessary, therefore, to add anything to what was there said on that subject.  It is true here the constitutionality of the statute is challenged upon somewhat different grounds than it was there, but we see no reason for reconsidering our former decision.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Moreover, the complaint in the present case specifically alleges that the respondent received an annual premium of $60 for the execution and delivery of the bond; that it was delivered with the purpose and intent that it should be filed in the office of the State Comptroller and become a public record, as was done; and that plaintiff and other creditors should, and they actually did, rely on said bond in depositing money with Zanolini. It is at least exceedingly doubtful whether under such circumstances the respondent could escape liability upon its bond, even if the statute were unconstitutional; but it is unnecessary at this time to pass upon that question, and we do not place our decision upon that ground.

Second. The remaining question is whether the plaintiff can maintain the action in its present form. The undoubted purpose of the statute is to deter irresponsible parties from engaging in the business specified, and to provide a fund to indemnify creditors. By requiring a bond to be given a fund is provided for the payment of such creditors. Such fund, I think, is not for one creditor but for all, and should be equitably distributed among all according to their respective claims. It cannot be that the Legislature intended that the benefits to be derived from the bond were solely for the most diligent creditor if his claim happened to be in excess of the penalty of the bond; nor do I think it can be said, when the purpose of the statute is taken into consideration, that it was intended that each creditor, no matter what the amount of his claim might be, should be compelled to maintain an action at law, but, on the contrary, any one creditor might maintain an action on behalf of himself and all others similarly situated. An action at law by one creditor solely on behalf of himself is entirely inconsistent with the purpose for which the bond was required or given. Under statutes making stockholders liable for the debts of a corporation, it has been repeatedly held that one creditor could not maintain an action at law to enforce such liability and collect his claim, but he must sue in equity on behalf of all creditors. Mathez v. Neidig, 72 N. Y. 100; Griffith v. Mangam, 73 N. Y. 611; Pfohl v. Simpson, 74 N. Y. 137; Marshall v. Sherman, 148 N. Y. 9, 42 N. E. 419, 34 L. R. A. 757, 51 Am. St. Rep. 654; Hirshfeld v. Fitzgerald, 157 N. Y. 166, 51 N. E. 997, 46 L. R. A. 839; Knickerbocker Trust Co. v. Iselin, 185 N. Y. 54, 77 N. E. 877, 113 Am. St. Rep. 863; Terry v. Little, 101 U. S. 216, 25 L. Ed. 864. It has also been held that a creditor of a deceased husband cannot maintain an action at law to satisfy his individual claim from insurance moneys purchased by excess of premium above $500, which the statute provides shall be primarily liable for the husband's debts. Kittel v. Domeyer, 70 App. Div. 134, 75 N. Y. Supp. 150, approved on this point, 175 N. Y. 205, 67 N. E. 433; Matter of Thompson, 184 N. Y. 36, 76 N. E. 870.

The reason for the rule is well stated in Terry v. Little, supra:

. "The remedy must always be such as is appropriate to the liability to be enforced. * * * If the object is to provide a fund out of which all creditors are to be paid share and share alike, it needs no argument to show that one creditor should not be permitted to appropriate to himself, without regard to the rights of others, that which is to make up the fund."

And in Hirshfeld v. Fitzgerald, supra, it was said:

"The object of this statute was undoubtedly to furnish additional security to creditors, and is for the benefit of them all, and should be enforced by or on behalf of all."

It is sought to distinguish these cases, in that there the liability was created by the statute and the court was bound to enforce the liability in accordance with the legislative intent, which was to create a fund for all creditors, while in the present case the respondent is liable upon its bond alone. I do not think this makes any difference. The purpose is the same. It is to furnish additional security to creditors. It is for the benefit of them all, and the action in form should be to enforce the liability for all. Undoubtedly a single creditor, if it did not appear that there were others, might maintain an action upon the bond for the satisfaction of his individual claim. In the Musco Case it did not appear there were creditors other than the plaintiff, while here it appears that there are a large number of creditors, and that their claims exceed in the aggregate the penalty of the bond. Each has an equal right to sue upon the bond, and unquestionably the intent of the statute pursuant to which the bond was given, as recited in the bond itself, was that they should share equally in the fund realized. If this be true, then that result can only be accomplished by an action in equity such as the plaintiff has here brought.

As was said in Pfohl v. Simpson, supra:

"It is in cases where many persons have claims, and are prosecuting or about to prosecute them at law against one defendant * * * liable in equal degree to all those persons and to others, and thus there arises the fact, or the probability, of a multiplicity of actions, that this jurisdiction of equity attaches."

A similar question arose in the case of American Surety Co. v. Lawrenceville Cement Co. (C. C.) 96 Fed. 25, which was an action upon a bond given by a contractor to the United States for the due performance of his contract, pursuant to a statute which also provided that any person or persons who had furnished labor or materials to such contractor for which payment had not been made might bring suit against the contractor and his sureties in the name of the United States, and it was said:

"A more serious defect, however, exists in the statute, and that is its failure to declare * * * whether, in the event the bond is not sufficient to cover all the claims as to which the contractor is in default, the equitable rule of pro rata distribution exists between individual creditors, or whether priority can be acquired by first bringing suit or first obtaining a judgment against the surety. As to both of these questions, we are so clear that the equitable rule of pro rata distribution exists * * * that we do not find it necessary to elaborate the proposition. * * * It must be held that the right of the individual beneficiaries as among themselves relate back to the execution of the bond, and arise, by relation, out of the same transaction (that is, the execution of the bond), and as of the same time (that is, the date of its execution). On equitable principles all individuals who may acquire rights under the bond stand in the same relation to each other as holders of several obligations secured by the same mortgage or deed of trust, specified therein, but issued at different dates. There is only one underlying equity, which necessarily, on equitable principles, protects all interested, * * * share and share alike, according to the proportions of their several claims."

118 N.Y.S.—14

In that case, as in the one now before us,.each creditor's claim was distinct and his cause of action accrued as soon as the default occurred. The statute provided that any creditor might bring an action, but notwithstanding that fact the court held that the bond should be enforced by an action in equity to secure the ratable distribution of the proceeds among all the claimants. Here the respondent is liable upon its bond to the extent of $15,000. There are, as already stated, numerous creditors, and the sum named is insufficient to pay them in full. They have equal rights that their claims be satisfied from the proceeds of the bond, and the statute under which it was given undoubtedly contemplated that they should share equally. This result can only be obtained by an action in equity on behalf of all the creditors.

My conclusion, therefore, is that under the facts stated in the complaint a court of equity is justified in assuming jurisdiction of the action, and that the plaintiff is not only entitled to maintain the action on· behalf of himself and all other creditors, but that he would be precluded from maintaining it in any other form.

The judgment therefore must be reversed, with costs, and the demurrer overruled, with costs, with leave to the respondent to withdraw its demurrer and to answer on payment of the costs in this court and in the court below. All concur.