GUISEPPE TUZZEO, Suing on Behalf of Himself and Other Creditors of PASQUALE PATI, Appellant, v. AMERICAN BONDING COMPANY OF BALTIMORE, Respondent.

Interest — surety bond — when interest on bond should be computed from the commencement of action thereon, not from default of party guaranteed.

Where the defendant, a surety company, pursuant to the statute (L. 1907, ch. 185), gave a bond as surety for a firm engaged in the business of receiving deposits of money for the purpose of transmitting the same, or the equivalent thereof, to foreign countries, limited to the payment of all damages, costs and expenses resulting from the default of the principals therein, not exceeding a specified sum, and the firm misappropriated moneys deposited with them and absconded, being thereafter adjudged involuntary bankrupts, and five years later the plaintiff in behalf of himself and other creditors similarly situated brought this action on the bond, under section 4 of the statute, the defendant is liable for the amount of said bond with interest (Code Civ. Pro. § 1915); but only from the date the action was commenced to the date of the entry of the judgment, not from the date of the default of the principals or any other time prior to the commencement of the action, where it does not appear that before the commencement of the action there was any person or persons to

whom the defendant could have paid the amount of the bond in bulk. Without a judgment of a court of equity the defendant could not, except at its peril, have divided and paid the amount of the bond to the creditors of the defaulters.

*Tuzzeo* v. *American Bonding Co.*, 175 App. Div. 129, modified.

(Argued March 14, 1919; decided April 8, 1919.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 7, 1917, modifying and affirming as modified a judgment in favor of plaintiff entered upon the report of a referee.

Pasquale Pati and Salvatore Pati were engaged in business as partners under the firm name of Pasquale Pati & Son in selling steamship and railroad tickets for transportation to and from foreign countries and in conjunction with said business carried on the business of receiving deposits of money for the purpose of transmitting the same or the equivalent thereof to foreign countries.

On August 8, 1907, they gave a bond of $15,000, pursuant to the provisions of chapter 185 of the Laws of 1907, and the defendant became surety thereon. The bond provides:

"That if the above bounden Pasquale Pati and Salvatore Pati shall faithfully and diligently hold and transmit any and all moneys or the equivalent thereof which shall be delivered to it or them for transmission to a foreign country or countries as provided by said chapter 185 of the Laws of 1907, and duly account for and properly pay over all moneys or the equivalent thereof received by him as aforesaid, then the obligation to be void, otherwise to remain in full force and virtue. In default thereof the parties hereto will pay all damages, costs and expenses resulting from such default not exceeding the sum above specified."

The plaintiff and others delivered to said Pasquale

Pati & Son sums of money for the sole and express purpose of transmitting the same or the equivalent thereof to various persons or corporations in the kingdom of Italy. · Said Pasquale Pati & Son did not forward such sums of money or the equivalent thereof to the persons or corporations named in the kingdom of Italy, but appropriated the same to their own personal use. On or about the 23d day of March, 1908, the said Pasquale Pati and his son absconded and disappeared and their whereabouts have not since been known or discoverable. On that day they were adjudged involuntary bankrupts. The amount so misappropriated by the said Pasquale Pati & Son exceeds $70,000.

This action was brought on July 9, 1913 (over five years after said bankruptcy), to have the plaintiff's claim adjudged valid against the defendant and to have it adjudged to pay the same. It was also brought to require all other creditors similarly situated to come into the action and to prove their claims that the defendant may pay $15,000, the amount of said bond, and the interest thereon, ratably to the plaintiff and such other creditors.

A referee was duly appointed in the action and a notice was duly published as provided by section 786 of the Code of Civil Procedure requiring all persons having claims against the said bankrupts and upon the bond of the defendant to present the same to the referee. Judgment was entered herein on the 15th day of May, 1916, adjudging the amount due and unpaid by the said Pasquale Pati & Son, for money appropriated as aforesaid, to the plaintiff and others as specifically set forth in said judgment, and the defendant was adjudged to pay the amount of its bond with interest thereon from the date of the bankruptcy of Pasquale Pati & Son to the plaintiff and others *pro rata* in accordance with the amounts of their claims respectively. On appeal by the defendant from said judgment to the Appellate Division

it was modified by striking therefrom the amount of interest included therein, and as so modified affirmed.

*Samuel F. Frank* for appellant.  By the terms of the bond sued on, the liability of the respondent surety company was in all respects similar to that of the defaulting bankers, its principals, save that it was limited as to amount.  Upon the day the bankers failed to transmit and pay over the moneys intrusted to them for payment abroad that "default" occurred which obligated "the parties" to the bond, *i. e.*, the bankers and the surety, to pay the claimants.  The surety, as well as its principal, was, therefore, in default, and interest upon its (the surety's) indebtedness runs from that time the same as upon any other contractual indebtedness.  (*Cass* v. *Schewman*, 61 Hun, 472; *Griggs* v. *Griggs*, 56 N. Y. 504; *Wyman* v. *Robinson*, 73 Me. 384; *Whereatt* v. *Ellis*, 103 Wis. 348; *Brainard* v. *Jones*, 18 N. Y. 35.)  The claims of the appellant, being for specific sums of money which respondent's principals, the bankers, had failed to transmit, were liquidated and certain, as that term is understood with reference to the allowance of interest.  (*Sweeney* v. *City of New York*, 173 N. Y. 414; *Gray* v. *C. R. R. of N. J.*, 157 N. Y. 483; *Simon* v. *Etgen*, 213 N. Y. 589; *Illinois Surety Co.* v. *Davis Co.*, 244 U. S. 376.)  The bonding company, having become the principal debtor and directly obligated to the claimants upon the default of its principals, was under the affirmative duty of seeking and paying its creditors.  Failure to discharge that duty rendered it liable for interest, in the absence of any affirmative proof by respondent excusing its default.  (*Pillow* v. *Brown*, 26 Ark. 240; *Bradley* v. *McDonald*, 218 N. Y. 389; *McMahon* v. *N. Y. & E. R. R. Co.*, 20 N. Y. 469; *Forschirm* v. *M. & T. Bank*, 205 N. Y. 745.)  The defendant could have discharged its legal duty by paying the amount of its liability into court. (*Illinois Surety Co.* v. *Mattone*, 138 App. Div. 177;

*Woerz* v. *Schumacher,* 161 N. Y. 530; *Brainard* v. *Jones,* 18 N. Y. 35; *Blum* v. *Mayer,* 189 N. Y. 158.)

*George B. Covington* for respondent. The condition. of the bond especially provides that on account of the default of the principal the surety shall not be liable for damages, costs or anything else in excess of $15,000. Therefore, it follows that if the surety is to be held for a sum in excess of this amount, it must be shown to have been guilty of some default of its own. No such default having been shown, it cannot be penalized by being compelled to pay interest. (*Laughlin Co.* v. *American Surety Co.,* 114 Fed. Rep. 627; *Faber* v. *City of New York,* 222 N. Y. 262; *American Surety Co. of New York* v. *Lawrenceville Cement Co.,* 110 Fed. Rep. 717; *Hurley* v. *Tucker,* 128 App. Div. 580; *United States* v. *United States Fidelity Co.,* 236 U. S. 513; *Gray* v. *Central R. R. Co.,* 89 Hun, 478; *Mansfield* v. *N. Y. Central R. R.,* 114 N. Y. 331; *Crawford* v. *Mail & Express Publishing Co.,* 47 N. Y. Supp. 747; *Guffanti* v. *Nat. Surety Co.,* 196 N. Y. 452; *Kerr* v. *Blodgett,* 48 N. Y. 62.)

Chase, J.  The Code of Civil Procedure (Sec. 1915) provides: " A bond in a penal sum, executed within or without the State, and containing a condition to the effect, that it is to be void, upon performance of any act, has the same effect, for the purpose of maintaining an action or special proceeding, or two or more successive actions or special proceedings thereupon, as if it contained a covenant to pay the sum, or to perform the act specified in the condition thereof.   But the damages to be recovered for a breach, or successive breaches, of the condition, cannot, in the aggregate, exceed the penal sum, except where the condition is for the payment of money; in which case, they cannot exceed the penal sum, with interest thereupon, from the time when the defendant made default in the performance of the condition."

The bond in this case is expressly limited to the payment of all damages, costs and expenses resulting from the default of the principals therein, not exceeding the sum of $15,000. It is expressly provided in said act of 1907 (Sec. 4) that " A suit to recover on a bond required to be filed under the provisions of this act may be brought by or upon the relation of any party aggrieved in a court of competent jurisdiction."

In *Guffanti* v. *National Surety Company* (196 N. Y. 452, 456), this court say: " The condition of the bond read in connection with section four of the act would seem to give a person who deposited money, which is subsequently embezzled, a right of action upon the bond in his individual capacity, but the bond is for the benefit of every person who deposits money with a corporation, firm or person named in the act, and where the facts require it the court will exercise its equitable powers to prevent the amount of the penalty thereof being paid to some of the persons defrauded to the exclusion of others equally entitled to payment therefrom."

In any form of contract where the amount to be paid thereby is subject to computation and the time of payment and the person or persons to whom the payments are to be made are certain and definite, interest is chargeable upon the amount found due thereon. (*Bradley* v. *McDonald*, 218 N. Y. 351, 389.)

Under the statute, pursuant to which the bond in question was given, it is contemplated, in case of a default, that a suit to recover on the bond may have to be instituted by or upon the relation of the party or parties aggrieved. In practical experience, a suit similar in form to that considered in the *Guffanti* case is necessary in nearly every case to determine the persons to whom the amount of the bond shall be paid and the amount to be paid to each.

When the principal makers of the bond in this case absconded, they were in default in their contract with the

several persons who had deposited money with them for transmission to a foreign country. The default, however, from which interest is to be computed on the bond as against the defendant, is its own default or failure to pay the amount of the bond when it should have paid it. It does not appear that prior to the commencement of this action there was any person or persons to whom the defendant could have paid the amount of the bond in bulk. The liability of the surety arising from the default of the principals did not permit it to pay one or more of the persons defrauded to the exclusion of others equally entitled to payment from it. There are in this case a large number of claims and a limited fund out of which the aggregate recovery must be sought. Without a judgment of a court of equity the defendant was not obligated or even permitted except at its peril to divide and pay the amount of the bond among the persons named on or in the proportions shown by the books of the defaulters even if such books were accessible to it. To insist upon such a division would neither be fair to the defendant nor to the creditors of the defaulters. Many persons asserted claims against the defaulters and insisted that the defendant was liable therefor as surety on the bond. Some of such claims were rejected by the referee in this action and others to the number of four hundred and eighty-eight were accepted. The valid claims and the amount of each were unascertainable with certainty sufficient to compel or reasonably justify payment by the defendant as surety to the limited amount of the bond, except through the machinery of a court of equity.

In *United States* v. *United States Fidelity & Guaranty Company* (236 U. S. 512, 530) the court say: " Sureties, if answerable at all for interest beyond the amount of the penalty of the bond given by their principal, can only be held for such an amount as accrued from their own

default in unjustly withholding payment after being notified of the default of the principal." The words quoted were the words of Justice CLIFFORD used at Circuit but they were repeated and approved by Justice PITNEY in the *Fidelity & Guaranty Company* case. In this state a surety on a bond given pursuant to statute, like the bond under consideration, is chargeable with interest not from the default of the principal but from the time when he could have safely paid the same providing he then unjustly withholds it.

When the time has come for a surety to discharge his liability and he neglects or refuses to do so, it is reasonable and altogether just that he should compensate the creditors for the delay which he has interposed. (*Brainard v. Jones*, 18 N. Y. 35.)

In *Hurley* v. *Tucker* (128 App. Div. 580; affirmed, 198 N. Y. 534) it was held that an owner of real property who retained in his hands about $10,000, the amount unpaid on a contract for work done and material furnished thereon and against which real property mechanics' liens had been filed by various subcontractors, is not chargeable with interest thereon while the amount remains in his hands awaiting the decision of the court as to whom it should be paid if at no time he could have safely paid it over to the lienors. (*American Surety Co. v. Lawrenceville Cement Co.*, 110 Fed. Rep. 717; *Laughlin Co. v. American Surety Co.*, 114 Fed. Rep. 627.)

In the more recent case of *Faber* v. *City of New York* (222 N. Y. 255, 262) this court say: " The question of the allowance of interest on unliquidated damages has been a difficult one. The rule on this subject has been in evolution. To-day, however, it may be said that if a claim for damages represents a pecuniary loss, which may be ascertained with reasonable certainty as of a fixed day, then interest is allowable from that day. The test is not whether the demand is liquidated. Was the plaintiff entitled to a certain sum. Should the defendant

have paid it.   Could the latter have determined what was due, either by computations alone or or by computation in connection with established market values, or other generally recognized standards."

We do not think that the defendant in this case could have safely determined by any investigation and computation what distribution to have made of the amount of the bond without the aid of a decree of the court. When, however, this action was brought in equity to determine and apportion the liability of the defendant among the several creditors of the defaulters for the benefit of whom the bond herein was given, it was a demand for the payment thereof for such creditors, and there being no dispute about the default of the bankrupts in the transmission of money deposited with them and no substantial dispute that the amount of the default was in excess of the penalty of the bond, the defendant could properly and safely have paid the amount of the bond into court to be there distributed among those entitled thereto and thus be relieved from all further liability thereon.   The allowance of interest is sometimes determined upon considerations of equity and natural justice.   (*Woerz* v. *Schumacher*, 161 N. Y. 530; *Brainard* v. *Jones*, 18 N. Y. 35; *Blun* v. *Mayer*, 189 N. Y. 153, 158; *Forschirm* v. *Mechanics & Traders Bank of N. Y.*, 206 N. Y. 745, reversing a judgment on the dissenting opinion in S. C., 137 App. Div. 149.)   As the defendant could have safely paid the amount of the bond into court as soon as this action was brought, considerations of equity and natural justice would seem to require that it should have done so or on failure so to do pay interest upon the amount of the bond from that time.

We are of the opinion that the defendant should be deemed in default on the bond for the purpose of charging it with interest as of the date of the commencement of this action.   (See *Illinois Surety Company* v. *Davis Company*, 244 U. S. 376.)

The judgment should be modified so as to include interest on the $15,000 from July 9, 1913, the day of the commencement of this action to the day of the entry of judgment, and as thus modified affirmed, without costs.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN and ANDREWS, JJ., concur.

Judgment accordingly.