GIOVANNI GUFFANTI, Suing on Behalf of Himself and Other Creditors of FRANCESCO ZANOLINI, Appellants, *v.* NATIONAL SURETY COMPANY et al., Respondents.

Interest — surety bond — action against surety on bond required by statute (L. 1907, ch. 185) from banker engaged in receiving money for transmission to foreign countries — when interest should be allowed in excess of penalty of bond.

Where the surety on the bond required by statute (L. 1907, ch. 185) of a banker engaged in the business of selling steamship tickets and receiving deposits of money for transmission to foreign countries, who converted the money to his own use and absconded, demurred to the complaint in an action on the bond for the purpose of attacking

the constitutionality of the statute, which was overruled, and upon the trial of the action the defendant, the surety, offered no evidence, the recovery is not limited to the penalty of the bond. Interest on the amount shown to have been received by the banker should be allowed from the date of the commencement of the action. The defendant having withheld the use of the money for four years while interposing technical and dilatory defenses having no merit, it should be charged with interest from the date of the commencement of the action. (*Tuzzeo* v. *American Bonding Co.*, 226 N. Y. 171, followed.)

*Guffanti* v. *National Surety Co.*, 198 App. Div. 1002, modified.

(Argued October 13, 1922; decided October 24, 1922.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 10, 1921, unanimously affirming a judgment in favor of plaintiffs entered upon a decision of the court on trial at Special Term.

*Louis Franklin Lee, Joseph J. Corn* and *Michel Kirtland* for appellants. The recovery from a surety on a bond for the payment of money is not limited to the penalty but may exceed the penalty so far as necessary to include interest from the time of the breach by the surety; for when the time comes for a surety to discharge his liability and he neglects or refuses to do so, it is reasonable and altogether just that he compensate the creditor for the delay caused by the surety. (*Tuzzeo* v. *American Bonding Co.*, 226 N. Y. 171; *United States* v. *Hills*, 4 Cliff. 618.)

*Carlisle Norwood* for respondent. The surety was not guilty of any breach of its contract, but, on the contrary, it made payment promptly upon its pecuniary liability being ascertained. (*Tuzzeo* v. *American Bonding Co.*, 175 App. Div. 129; *Illinois Surety Co.* v. *Davis Co.*, 244 U. S. 376.)

POUND, J. This action was brought by plaintiff on behalf of himself and one hundred fifty-six others similarly

13

situated, who have since intervened as parties plaintiff, on a statutory bond in the penalty of $15,000 given by defendant surety company pursuant to Laws of 1907, chapter 185, as surety for Zanolini, the individual defendant, who was engaged in the business of selling steamship tickets and receiving deposits of money for transmission to foreign countries. Judgment was demanded for the entire sum of $15,000 and interest thereon.

During the months of June, July and August, 1908, Zanolini received from the plaintiffs various sums aggregating $14,832.97 for transmission to Italy. He defaulted thereon, converted the money to his own use, and on or about October 10, 1908, absconded. He was adjudged a bankrupt prior to the commencement of this action, on or about October 23, 1908.

This action was begun on December 16, 1908. On that day the interest due from Zanolini to the plaintiffs, computed from October 1, 1908, was $185.40, so that when the action was begun the aggregate sum due to plaintiffs was $15,018.37. The plaintiffs other than the original plaintiff were made parties to the action on December 15, 1910. Meanwhile, on a demurrer interposed by the defendant surety company for the purpose of attacking the constitutionality of Laws of 1907, chapter 185, and the form of the action, the case had gone to the Appellate Division of the Supreme Court (133 App. Div. 610) and to the Court of Appeals (196 N. Y. 452). The demurrer was overruled. Defendant by demurring admitted the allegations of·the complaint, but, defendant being allowed to plead over, an answer was interposed on February 16, 1910, which included a denial on information and belief of the material allegations of the complaint so far as concerned the receipt of money from plaintiffs and defendant's liability to them. The action was tried on June 17, 18, 19, 1912, at New York Special Term without a jury, decision signed September 23, 1912, and judgment entered September 26, 1912. Defendant

surety company merely put the plaintiff to its formal proofs and offered no evidence.   The defendant principal was in default.

Recovery was limited to the penalty of the bond and interest in excess thereof was disallowed.   The only question presented on this appeal is whether interest should have been allowed as an element of damage in excess of the penalty of the bond.

Subsequent to the decision of the Trial Term herein the same question was presented to this court in the case of *Tuzzeo* v. *American Bonding Company* (226 N. Y. .171).   Interest from the date of the commencement of the action was there allowed in excess of the penalty of the bond.   The reason given by the court for its decision was that although in that case, by reason of the fact that the demands of the depositors were greatly in excess of the penalty of the bond, distribution could not be safely made without the aid of a judgment of the court, the defendant could properly and safely have paid the amount of the bond into court and could thus have been relieved of further liability thereon.   When that action was begun the time had come when the surety could thus discharge its liability and for its failure to do so it was held to be just that it should compensate the creditors for the delay which it had caused them.

The allowance of interest in these cases is determined " upon considerations of . equity and natural justice." (CHASE, J., in *Tuzzeo* v. *American Bonding Co., supra.*) When defendant surety company determined to contest liability on its bond by demurrer, it had been notified of its principal's default and that the amount demanded of it was an amount in excess of the penalty of the bond. It could not justly admit the amount of such liability in fact and at the same time, at the expense of the depositors, contest its liability in law by challenging the form of the action and the constitutionality of the statute under which the bond was given.   No substantial dispute

could arise about the default of the bankrupt; the amount of the default was not contested on the trial. The case falls within the principle of the *Tuzzeo* case. The defendant surety company withheld the money due to the plaintiffs from the date of the commencement of the action to the date of the entry of judgment and then paid the principal sum only. It enjoyed the use of the fund for four years while it was interposing technical and dilatory defenses to the suit. While its right to interpose such defenses is not questioned in the abstract, at the end it appears that they had no merit.

We are of the opinion for the reasons stated in the *Tuzzeo* case that defendant surety company should be deemed in default on the bond for the purpose of charging it with interest from the date of the commencement of this action.

The judgment should be modified so as to include interest on $14,832.97 from December 16, 1908, the day of the commencement of the action, to the day of the entry of judgment, and as thus modified affirmed, with costs in this court and the Appellate Division.

HISCOCK, Ch. J., HOGAN, CARDOZO, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgment accordingly.