HARRY SHEA, Plaintiff, *v.* NATIONAL SURETY COMPANY, Defendant.

City Court of New York, New York County, May 18, 1932.

*Charles L. Craig,* for the plaintiff.

*James C. Webster,* for the defendant.

NOONAN, J. The sole question is the date from which interest should be computed on plaintiff's claim. On June 4, 1926, Helen Claire Blank commenced an injunction action in the Supreme Court, Kings county, against the plaintiff herein, Harry Shea, and James J. Browne, as park commissioner of the borough of Brooklyn, as defendants. In that action an injunction *pendente lite* was decreed by order of the court, conditioned upon the giving of an undertaking in the sum of $3,000, to protect defendants against any damages suffered by the injunction. On June 8, 1926, the undertaking so ordered was furnished by the plaintiff in that action. The defendant here was surety on the undertaking. On June 25, 1926, the injunction order was unanimously reversed by the Appellate Division, Second Department (*Blank* v. *Browne,* 217 App. Div. 624), and on October 28, 1927, judgment was entered in such action dismissing the complaint on the merits. Thereafter an order was made directing that the damages of the defendants be ascertained by a referee named for that purpose. The reference was held as directed, and on November 11, 1930, the official referee made his report that the defendants were damaged in the sum of $3,000.

This report was confirmed at a Special Term of the Supreme Court, Kings county, by an order entered on December 13, 1930. On May 28, 1931, the order confirming the referee's report was unanimously affirmed by the Appellate Division, Second Department (*Blank* v. *Browne*, 233 App. Div. 774). Thereafter James J. Browne, as park commissioner, by stipulation waived any right to the damages suffered by the injunction. This present action was thereupon commenced by the defendant Shea in the injunction action against the National Surety Company as surety on the undertaking to recover the sum of $3,000, which were the damages found by the referee to have been incurred by reason of the injunction. The plaintiff contends that interest on the amount of damages found by the referee to have been sustained by reason of the injunction should run from June 8, 1926, the date that the defendant executed the undertaking on which the suit is based. It is the contention of the defendant, on the other hand, that interest is to be computed from December 13, 1930, when the report of the official referee was confirmed at Special Term. The undertaking in question follows sections 893 and 894 of the Civil Practice Act, and reads in its material parts as follows: " National Surety Company does hereby undertake in the sum of Three Thousand ($3,000) dollars, that the plaintiff will pay to the defendant so enjoined, such damages, not exceeding the before mentioned sum, as they may sustain by reason of the injunction, if the Court finally decides that the plaintiff was not entitled thereto, such damages to be ascertained and determined by the Court or by a writ of inquiry, or otherwise as the Court shall direct."

It is apparent from a reading of this undertaking that before the defendant could be held to pay the penalty therein provided it was necessary to establish that the plaintiff in the injunction action was not entitled to the injuction and that the damages sustained by reason of the injunction " were ascertained and determined by the court, or by a referee appointed by the court, or by a writ of inquiry, or otherwise as the court shall direct." The damages suffered by the plaintiff here as a result of the injunction were not ascertained and determined until December 13, 1930, which was the date on which the court at Special Term confirmed the report of the referee made on November 11, 1930. On December 13, 1930, the defendant knew the extent of its obligation. It was not until that date that its obligation became fixed and determined. There was no default of the defendant before that date. A surety on an undertaking is liable for interest on the sum provided in the undertaking only from the date of its own default. (*Tuzzeo* v. *American Bonding Co. of Baltimore*, 226 N. Y. 171; *Polhemus Printing Co.* v. *Hallenbeck*,

46 App. Div. 563; *Marcus* v. *United States Casualty Co.*, 222 id 508 )
The order confirming the report of the referee is conclusive as to the
amount of damages. (Civ. Prac. Act, § 894; *Kelly* v. *Myrick*, 205
App. Div. 637.) The question now before the court was squarely
involved in the case of *Poillon* v. *Volkenning* (11 Hun, 385). The
court there said on facts similar to those here present (p. 389):
" The liability of the surety did not become fixed, until the ascertain-
ment of the damages by the report of the referee and its confirmation
by the court. The order of confirmation was made on the 7th of
February, 1871, and on that day the appellant could have dis-
charged his liability as surety by the payment of the sum of $2,500
without interest. Interest should have been computed from that
date." In *Mossein* v. *Empire State Surety Co.* (117 App. Div. 820,
824), the court cited the case of *Poillon* v. *Volkenning* (*supra*)
for the proposition that " the interest is properly chargeable against
the defendant from the time its liability became determined."

The amendment of section 480 of the Civil Practice Act by
chapter 623 of the Laws of 1927 has not changed the law declared
in the case of *Poillon* v. *Volkenning* (*supra*). Section 480, as
amended, does not declare the date from which interest should run.
That question is purposely left open, depending on the nature of the
action. This is clearly pointed out in *Marcus* v. *United States
Casualty Co.* (*supra*), where the court said (at p. 509) · " While
section 480 of the Civil Practice Act (as amd. by Laws of 1927,
chap. 623) commands that interest shall be added to a judgment,
it does not specify the date from which it should be figured." The
defendant has not raised any other defense in its opposing affidavit.
As a matter of fact, the first separate and distinct defense con-
tained in the defendant's answer has been disposed of by the order
of the Supreme Court appointing a referee to ascertain the damages,
which was affirmed on appeal. The second separate and distinct
defense has been rendered nugatory by lapse of time, as the appli-
cation for leave to appeal to the Court of Appeals from the order of
the Appellate Division, Second Department, affirming the order
confirming the referee's report, was made and denied. The third
separate defense has been disposed of by the stipulation of the park
commissioner waiving any claim for damages arising from the
injunction bond.

The motion for summary judgment is granted, and judgment
is directed to be entered in favor of the plaintiff and against the
defendant in the sum of $3,000, with interest thereon from December
13, 1930. Execution is stayed until two days after notice of entry
of judgment. Order signed.