International Railway Company, Respondent, v. Town of Cheektowaga, Appellant, and American Surety Company of New York, Appellant, Respondent.

Fourth Department, June 30, 1937.

*Carlton A. Fisher*, for the appellant town of Cheektowaga.

*Wilcox & Van Allen* [*John W. Van Allen* of counsel; *Archibald M. Laidlaw* with him on the brief], for the appellant, respondent, American Surety Company of New York.

*Killeen & Sweeney* [*James C. Sweeney* of counsel], for the plaintiff, respondent.

CUNNINGHAM, J. The plaintiff for the purpose of operating one-man street cars, attempted to lay rails for a short distance on Genesee street in the town of Cheektowaga so as to connect its tracks on that street to a loop proposed to be constructed by plaintiff on private property owned by it. When plaintiff attempted to lay its rails on Genesee street so as to make such connection between its tracks and the loop, it was prevented from doing so by the authorities of the town of Cheektowaga. Thereupon the plaintiff commenced an action to determine its right to lay such rails. After the town had interposed an answer, the plaintiff moved for judgment on the pleadings which motion was granted, and the town, its officers and agents, were restrained from interfering with the plaintiff in the construction of the connection with the loop. The town appealed from such judgment and thereafter, on motion of plaintiff, an order was made requiring the town to give security to indemnify the plaintiff against loss or damage

which it might sustain by reason of the stay of execution of the judgment appealed from. The court granted an order requiring the town to file an undertaking in the sum of $10,000. In pursuance thereof a bond was filed and executed by both defendants, the conditions thereof being: " That if the said Town of Cheektowaga shall pay to the plaintiff all costs and damages, not exceeding the sum of Ten Thousand ($10,000.00) Dollars, which may be awarded to the plaintiff by reason of the stay of execution of judgment entered in the above entitled action in the office of the Clerk of the County of Erie at Buffalo, New York on the 28th day of September 1926, if the judgment appealed from be affirmed, or the appeal be dismissed, then this obligation to be void, otherwise to remain in full force and virtue."

The judgment in the action for declaratory judgment was affirmed (219 App. Div. 853) and thereafter this action was commenced to recover the damages which the plaintiff sustained by reason of the stay of execution. Upon the trial the court directed a verdict in favor of the plaintiff and against both defendants for the sum of $10,000 damages and $5,450 interest thereon, and also directed a judgment in favor of the defendant American Surety Company, and against the town of Cheektowaga for the same amount.

The evidence presented upon the trial herein was sufficient to show that the damages sustained by plaintiff by reason of the stay exceeded the sum of $10,000 and the court was justified in directing a verdict for that amount of damages.

The question which must now be determined is whether the court had the right to include in the verdicts any interest upon the amounts awarded for damages. The interest allowed was from March 14, 1927, to April 13, 1936, the latter date being the date of the trial and the former date being the time when plaintiff laid its rails in Genesee street after the affirmance of the judgment restraining the town from interfering therewith.

A serious question arises as to whether the allowance of interest was justified. The condition of the bond was that it should be void if the " Town of Cheektowaga shall pay to the plaintiff all costs and damages, not exceeding the sum of Ten Thousand ($10,000.00) Dollars, which may be *awarded* to the plaintiff by reason of the stay of execution of judgment."

The court had the power to prescribe " The form, nature and extent of the security." (Civ. Prac. Act, § 571; *City of Yonkers* v. *Federal Sugar Refining Co.*, 221 N. Y. 206.)

The bond in suit " must be deemed limited in amount and coverage as set forth in the contract agreement." (*Lavine* v. *Indemnity Ins. Co.*, 260 N. Y. 399, 407.)

The defendants may be held liable upon this bond for interest accruing only after default in unjustly withholding payment. (*Tuzzeo* v. *American Bonding Co.*, 226 N. Y. 171; *Bleimeyer* v. *Public Service M. C. Ins. Corp.*, 250 id. 264.)

The court below allowed interest under section 480 of the Civil Practice Act. That section provides that in an action " for the enforcement of or based upon breach of performance of a contract, express or implied, other than a contract to marry, interest shall be recovered upon the principal sum whether theretofore liquidated or unliquidated and shall be added to and be a part of the total sum awarded." This provision was added to that section by chapter 623 of the Laws of 1927.

The *Bleimeyer* case (*supra*) was decided by the Court of Appeals in 1929. A judgment had been recovered against the proprietor of a motor omnibus for the negligent killing of a passenger. The omnibus proprietor had taken out insurance in accordance with section 282-b of the Highway Law, which provided that proprietors of motor vehicles for hire should file a bond " in the sum of two thousand five hundred dollars, conditioned for the payment of any judgment recovered against such person, firm, association or corporation for death or for injury to persons or property caused in the operation, maintenance, use or the defective construction of such motor vehicle, provided that such bond or policy may limit the liability of the surety or insurer on any one judgment to twenty-five hundred dollars for bodily injuries or death and five hundred dollars for damage to or destruction of property, and on all judgments recovered upon claims arising out of the same transaction or transactions connected with the same subject of action to five thousand dollars for bodily injuries or death and one thousand dollars for damages to or destruction of property."

The court said, after quoting the statute: " These limits of liability were adopted in the policy with certain additional obligations in respect of costs and interest."

The obligation in that case was to pay any judgment recovered.

In the case under consideration the obligation is to pay all costs and damages which may be awarded to the plaintiff.

In the *Bleimeyer* case the defendant in its answer by way of counterclaim had offered to pay into court the total amount of the bond. The court held that under this counterclaim there should be a judgment directing the payment of five thousand dollars into court, and then said: " The fund to be deposited should include interest from the date of service of the counterclaim at the statutory rate (*Tuzzeo* v. *Am. Bonding Co.*, 226 N. Y. 171, 179)."

In the *Tuzzeo* case the court said: " In this State a surety on a bond given pursuant to statute, like the bond under consideration, is chargeable with interest not from the default of the principal but from the time when he could have safely paid the same providing he then unjustly withholds it."

The *Bleimeyer* case, decided after the amendment to section 480 of the Civil Practice Act, holds that a surety upon a bond similar to the one in suit may be charged with interest only from the time he could safely pay the amount into court.

In this case the amount of the bond could not be paid into court until the amount of the damages sustained by plaintiff had been determined and *awarded*. There was not any default ·upon the bond until the damages had been awarded.

When a bond contains " a condition to the effect that it is to be void upon performance of any act," and " where the condition is for the payment of money," the damages to be recovered for a breach thereof cannot exceed in the aggregate " the penal sum, with interest thereupon from the time when the defendant made default in the performance of the condition." (Civ. Prac. Act, § 160.)

When section 480 was amended in 1927, as reference was not made to section 160, it must have been the intention of the Legislature that section 160 should not be repealed or modified and that section 480 should not apply to the bond specified in section 160. Repeals by implication are not favored, and we should not ascribe to the Legislature an intention to repeal the provisions of section 160 relating to the recovery of interest upon the bonds mentioned therein. The two sections, if possible, will be read together and effect given to each. Following that rule of construction the provisions of section 160 relating to the collection of interest on bonds are not affected by the amendment of section 480 of the Civil Practice Act.

The bond in this case recites that the town of Cheektowaga, as principal, and the American Surety Company, as surety, are held and firmly bound unto the International Railway Company in the sum of $10,000. The condition of the obligation is that it shall be void if the town shall pay to the plaintiff damages which may be awarded to plaintiff by reason of the stay of execution, not exceeding the sum of $10,000.

The bond in this case contained the condition that it was void if the town of Cheektowaga paid the amount of damages awarded, and we believe that under the aforesaid section, interest is not recoverable until default, and default did not occur herein until the damages had been awarded.

The liability herein of the defendant town of Cheektowaga arises upon the bond. (*City of Yonkers* v. *Federal Sugar Refining Co.*, 221 N. Y. 206.)

In *Schaefer* v. *Detroit Fidelity & Surety Co.* (232 App. Div. 537) it was held that it was proper to charge interest against the surety upon a bond even though the sum awarded with the interest added exceeded the amount of the bond. In that case the obligation of the bond was that it should be void if the principal should hold the plaintiff " free and harmless from and against any and all pecuniary loss and damage which the obligee [plaintiff] may sustain by reason of the failure of the principal " to make certain alterations in the building. The principal having defaulted an action was commenced upon the bond.

There is a distinction between the bond in that case and the case before this court, in that in the cited case the bond provided for the payment of all damages that might be *sustained,* while in this case the damages were not to be paid until they had been *awarded.* We do not consider the *Schaefer* case as controlling in the case at bar.

Therefore, the judgments and orders denying the motion for a new trial should each be modified upon the law by reducing each verdict to the sum of $10,000, and as thus modified, should be affirmed, with costs to the appellants.

All concur. Present — SEARS, P. J., CROSBY, LEWIS, CUNNINGHAM and TAYLOR, JJ.

Judgments and orders denying motion for a new trial modified on the law by reducing each directed verdict to the sum of $10,000 as of the date of the rendition thereof and as modified affirmed, with costs to the appellants.