ARTHUR BEAUDRY, Plaintiff, *v.* ROYAL INDEMNITY COMPANY, Defendant.

City Court of the City of New York, Special Term, New York County, January 14, 1952.

*Arthur Beaudry,* plaintiff in person.

*Guariglia & Mehlman* for defendant.

BYRNES, C. J. On an assessment heretofore ordered for that purpose, the court fixed plaintiff's damages in the sum of $650 and plaintiff now moves for an order directing that interest be added to that amount from July 2, 1948, the date when the warrant of attachment was vacated, to the date when judgment shall be entered herein. Both sides cited the same cases and differed only as to their interpretation of what those cases hold.

The controlling law on this subject is ably summarized in the case of *Plessner* v. *Continental Cas. Co.* (82 N. Y. S. 2d 540, 547) as follows: '' An action on an attachment is ex contractu and interest is due from the date when the surety becomes liable for payment in accordance with the terms of the undertaking. Defendant, under the undertakings on which this action was commenced, became liable to plaintiff the day when the attachment was vacated. It is true that the damages were not liquidated on that date and defendant may not have been in a position to know the precise amount which it should have paid. That is not any more determinative in an action on an undertaking on attachment than in any other action on a contract. See *Faber* v. *City of New York,* 222 N. Y. 255, 262, 118 N. E. 609–611. In *Shea* v. *National Surety Company,* 144 Misc. 613, 258 N. Y. S. 202, 204, an action on an undertaking given on an injunction, the court held that interest began to run on the date when the court fixed the damages. In that case, however, the undertaking specified that the damages to be paid were to be ' ascertained and determined by the Court or by a writ of inquiry, or otherwise as the Court shall direct.' The undertaking fixes the date when liability ripens and consequently when interest begins to run. This defendant became liable to plaintiff on the date when the attachment was vacated. Interest began to run when its liability attached.''

Under the terms of the undertaking herein, as under the terms of the undertaking in the *Plessner* case (*supra*) the defendant became liable to plaintiff for *damages* the day when the attachment was vacated, and the plaintiff is therefore entitled to interest from the date of the vacatur of the attachment. The relevant portion of the undertaking herein is that the surety, the defendant herein, '' does hereby undertake that * * * if the warrant of attachment is vacated, the plaintiff above named will pay * * * all *damages* which the said defendant may sustain by reason of the said attachment, not exceeding the sum of $1,000 ''. The defendant herein urges that the further clause that the plaintiff above named will pay '' all costs which may be

awarded to the above named defendant '' favors the view of the defendant herein, but that argument is overruled as the last-quoted clause is confined to *costs* only. The clause covering *damages* is not limited in any way. Those damages became due as soon as the attachment was vacated.

The defendant herein further argues that the plaintiff's motion for summary judgment was made '' many months after the action herein had been instituted and that such delay was not in any way caused by the defendant and that the plaintiff should not be permitted to benefit from its [*sic*] own slowness and delay.'' That argument must also be overruled. There is no time limit for the making of a motion for summary judgment under rule 113 of the Rules of Civil Practice. If the defendant was so concerned about preventing the running of interest herein, it could have paid the amount of the bond into court as soon as this action was commenced (cf. *Tuzzeo* v. *American Bonding Co.*, 226 N. Y. 171, 179).

Accordingly, the motion is granted and the clerk of the court, when entering judgment for the damages in the sum of $650, is directed to add interest thereon from July 2, 1948, the date when the warrant of attachment was vacated, to the date of entry of judgment.