FERDINAND S.. M. BLUN, Respondent, *v.* REBECCA MAYER et al., Appellants. (Actions Nos. 1 & 2.)

1. APPEAL — COMPUTATION AND STATEMENT OF BALANCE ON ACCOUNT-ING A QUESTION OF FACT. Where, in an action to adjust and settle the affairs of a partnership and for an accounting, the referee states the account in detail and passes upon all the items of debit and credit between the parties, finding a balance in favor of the plaintiff, the process of arriving at the result cannot be interpreted in any other way than an inquiry as to facts, the balance stated being in substance and legal effect a finding of fact that the defendants are indebted to the plaintiff in the sums stated, which finding, after an unanimous affirmance by the Appellate Division, is con-clusive upon the Court of Appeals, and hence a contention that the com-putation and statement of a balance is a mere legal conclusion and not a fact found cannot prevail.

2. PARTNERSHIP — ACCOUNTING — INTEREST. Where on the day pre-vious to the termination of a partnership by limitation a balance sheet and grand trial balance was made and entered upon the firm's books showing the interest of a retiring partner in the business, which interest was trans-ferred to and taken over by the defendants who formed a new firm, con-ducted the same business and received all the benefits and profits of the capital of the retiring partner, interest is properly allowed on the balance found due in an action for an accounting brought by the retiring partner, continued by his representative and not decided until twenty seven years thereafter, since the balance sheet may be regarded for all the purposes of the question of interest as an account stated, and, as the surviving partners for a long period received the benefit of the capital of the retiring partner it would be manifestly inequitable to relieve them from the obligation either to pay interest or account for the profits.

*Blun* v. *Mayer*, 113 App. Div. 242, 247, affirmed.

(Argued May 31, 1907; decided June 14, 1907.)

APPEAL in the first above-entitled action from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 29, 1906, affirming a judg-ment in favor of plaintiff entered upon the report of a referee.

Appeal in the second above-entitled action from a judg-ment of the Appellate Division of the Supreme Court in the first judicial department, entered May 29, 1906, modifying

and affirming as modified a judgment entered in favor of plaintiff entered upon the report of a referee.

The nature of the actions and the facts, so far as material, are stated in the opinion.

*Louis Marshall* and *M. H. Regensburger* for appellants. The report of the referee to take and state accounts is not required to state findings of fact or conclusions of law. This report did not specifically state or find any facts with respect to the items of which defendants complain, but it incorporated the schedules containing them. Therefore, this court may examine the facts to see if the legal conclusions of the referee as stated were warranted in law, the facts in the case being undisputed or conceded, and by express reference constituting an essential part of the report. (*Dodge* v. *Met. El. R. Co.*, 136 N. Y. 505 ; *Pratt* v. *Foote*, 9 N. Y. 463 ; *People ex rel.* v. *Dederick*, 161 N. Y. 195 ; *Darling* v. *Brewster*, 55 N. Y. 667 ; *Tonnele* v. *Hall*, 4 N. Y. 140 ; *Matter of Washington Park*, 52 N. Y. 131 ; *Tolman* v. *S., B. & N. Y. R. R. Co.*, 92 N. Y. 353 ; *Snyder* v. *Snyder*, 96 N. Y. 92.) The allowance by the referee of interest was purely the decision on a matter of law, and, being improperly allowed, should be reversed by this court. (*Smith* v. *Velie*, 60 N. Y. 111 ; *Jackson* v. *B. L. Co.*, 184 N. Y. 152 ; *Rodgers* v. *Clement*, 162 N. Y. 427 ; *Jackson* v. *Hartshorne*, 52 N. Y. 177 ; *Beacham* v. *Eckford*, 2 Sandf. Ch. 116 ; *Smith* v. *Smith*, 18 N. J. Eq. 722 ; Bates on Part. § 786 ; *Evans* v. *Garlock*, 37 Hun, 592 ; *Turner* v. *Burkinshaw*, L. R. [2 Ch. App.] 488 ; *Holloway* v. *Turner*, 61 Md. 218 ; *Prentice* v. *Elliott*, 72 Ga. 154.)

*Benjamin Scharps* and *Charles Edward Souther* for respondent. The exceptions present no question which this court can review. (*Bassett* v. *French*, 155 N. Y. 46.) From the unanimous decision below, it resulted that there was evidence supporting or tending to support the findings. (Code Civ. Pro. § 191, subd. 4 ; *Marden* v. *Dorthy*, 160 N. Y. 39 ;

*Cronin* v. *Lord,* 161 N. Y. 90.)   The allowance of interest on balances was proper. (*Stoughton* v. *Lynch,* 2 Johns. Ch. 209; *Rodgers* v. *Clement,* 162 N. Y. 422; *Kelly* v. *Shay,* 206 Penn. St. 215; *Brown's Appeal,* 89 Penn. St. 139.)

O'BRIEN, J.   This was an action to adjust and settle the affairs of a partnership known as the firm of Jacobs, Strouse & Company, and for an accounting between the several partners.   The complaint states in general terms the purpose of the action, and the answer of the defendants expressly admits all the allegations of the complaint.   The pleadings do not present any issue to be tried either of fact or law, but both parties pray for an accounting and settlement.   The court appointed a referee to take and state the account between the partners.   Solomon L. Jacobs, who seems to have been the principal member of the firm and the original plaintiff in the action, died while the suit was pending and the present plaintiff succeeding to his interests was substituted in his place. The action was commenced in the month of February, 1880, twenty-seven years ago, and the proof taken and the facts found relate to matters of partnership transactions that took place thirty years ago.   The item of interest allowed by the referee constitutes a large part of the judgment.   This feature of the case is due to the lapse of time since the year 1876, and not, as it seems to me, to the application of any erroneous principle of law.   The referee found, as matter of fact, that there was a balance due to the plaintiff of $30,988.26.   The court upon the hearing of the exceptions taken in behalf of the defendants confirmed the report of the referee and directed judgment in favor of the plaintiff for the amount stated in the report as the balance due to the plaintiff.   This sum, however, was reduced by the learned court below on appeal, to $28,267.70.

The decision of the court below upon the appeal is unanimous and the findings of fact are, therefore, conclusive upon this court.   The learned counsel for the defendants contended that the judgment ordered is not sustained by the facts found

and he insists that the finding of the referee with respect to the balance due the plaintiff is not a finding of fact, but a conclusion of law. This contention is not well founded since, as already observed, there was no issue of fact or law presented by the pleadings. Both parties prayed for an accounting. It is true that there is an answer in form, but it takes no issue upon anything alleged. The accounting would necessarily have to be had, if there had been a default in form as there was in substance.

The referee stated the account in detail and passed upon all the items of debit and credit between the parties and found that there was a balance in favor of the plaintiff, as above stated. All the transactions of the partnership were examined, resulting in a balance against the defendants. This process of arriving at the result cannot be interpreted in any other way than an inquiry as to facts, and the balance stated is, in substance and legal effect, a finding of fact that the defendants are indebted to the plaintiff in the sums stated. This finding cannot be questioned in this court, and hence the contention of the learned counsel for the defendant that the referee's computation and statement of a balance is a mere legal conclusion and not a fact found cannot prevail. If that proposition could be sustained it would upset the whole judgment and not merely a part of it. The judgment ordered is, therefore, supported by findings of fact that are quite sufficient.

There was no legal error in the decision of the referee, confirmed by the court, allowing interest to the plaintiff on his balances. The co-partnership articles provided that Jacobs was to be allowed interest at the rate of seven per cent upon all moneys contributed by him or allowed to remain in the business and it has been found that the partnership terminated by limitation on December 25th, 1876. On the 24th of December, 1876, the day previous to the termination of the partnership, a statement or what is called a "balance sheet and grand trial balance" was made and entered upon the firm's books, which showed that the interest of Jacobs in the

firm amounted to $56,097.34. He then retired from the firm and his interest in the business was transferred to and taken over by the defendants, who formed a new firm conducting the same business and receiving all the benefits and profits of the capital of the retiring partner. The plaintiff, therefore, who represents the interests of Jacobs in the firm, was properly allowed interest. It is true that the sum above stated was increased by moneys paid to the new firm that belonged to the retiring partner individually, and it was diminished by losses sustained and payments made for his benefit. If the affairs of the firm were not actually liquidated, they were capable of being liquidated and adjusted at any time. The balance sheet, which stated the interest of each of the partners at the time of the formation of the new firm and when the transfer from the retiring partner to the defendants was made, may be regarded for all the purposes of the question of interest as an account stated. This suit was decided more than twenty-seven years afterwards and, as already observed, no defense was interposed by the defendants, but they prayed for just what the plaintiff demanded, namely, an accounting. These defendants, the surviving partners, having during this long period received the benefit of the capital of the retiring partner, it would be manifestly inequitable at this late day to relieve them from the obligation either to pay interest or account for profits.

There is no hard and fast rule that controls the allowance of interest in such a case as this. As was stated by CHURCH, Ch. J., in *Johnson* v. *Hartshorne* (52 N. Y. 173): "There is and can be no fixed rule in settling partnership accounts in respect to interest. Its allowance must necessarily depend upon the circumstances of each case. * * * Where the surviving partner unreasonably delays the payment of the capital, interest will be allowed. The period of dissolution is the proper time to adjust the balance of the partnership account and the partner against whom the balance is found is chargeable with interest. * * * The circumstance that the surviving partner has charge of the books and knows the

state of the accounts has been regarded as sufficient to charge him with interest. \* \* \* Courts of equity regard stated accounts between the partners as conclusive unless palpable error or fraud can be shown." The facts and circumstances of this case are such that the allowance of interest as stated in the report is amply justified. The defendants were the surviving partners, and they used the money of the retiring partner in the business and presumptively made profits upon it, and hence should be charged with interest.

The right to interest as the compensation for the use of money does not always depend upon contract or upon the rules of the common law, but is sometimes allowed upon principles that prevail in courts of equity. (*Woerz* v. *Schumacher,* 161 N. Y. 530.) An unbending rule with respect to interest in the settlement of partnership accounts might work great injustice in many cases, and hence that question must be decided upon what may appear to be fair and just in each particular case. This rule was, I think, very properly applied to the case at bar.

The general rule in some of our sister states seems to be that if the survivors of a partnership carry on the concern and enter into new transactions with the partnership funds, they do so at their peril, and the representatives of a deceased partner may elect to call upon them for the capital with a share of the profits or with interest. If no profits were made or even if a loss is incurred they must be charged with interest on the funds they use, and they must bear the whole loss, (*Brown's Appeal,* 89 Pa. St. 139.) The same principle was applied in the following cases: *Brenner* v. *Carter* (203 Pa. St. 75); *Jones* v. *Farquhar* (186 id. 386); *Kelley* v. *Shay* (206 id. 215–217); *Carter* v. *Producers' Oil Co.* (200 id. 579).

There are some questions of practice discussed by the learned counsel for the defendants that relate to the absence of any interlocutory judgment and irregularities in the appointment of the several referees, who either resigned or for some other reason failed to act in the case. These questions are all covered in the learned opinion of the court below and were, I

think, correctly decided.  It is not necessary to refer to them here.  They are obviously untenable or at least insufficient to disturb the judgment.

As there were two separate partnerships, there were two actions between the same parties resulting in two judgments in favor of the plaintiff and two separate appeals to this court upon two separate records.  It is conceded, however, that the decision of the appeal presented by the record designated as number two decides the whole controversy since all the assets of the first firm were transferred to the second firm.  The two appeals present the same question and what has been written applies to both records.  The judgment in each case should, therefore, be affirmed, with costs.

CULLEN, Ch. J., EDWARD T. BARTLETT, HAIGHT, WERNER, HISCOCK and CHASE, JJ., concur.

Judgments affirmed.