14142

TYLER v. SOVEREIGN CAMP, W. O. W.

(181 S. E., 650)

*Messrs. Lide & Felder,* for appellant,

*Mr. John S. Bowman,* for respondent.

October 4, 1935.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

This action was brought in the Court of Common Pleas for Orangeburg County by the plaintiff against the defendant, Sovereign Camp of the Woodmen of the World, for the recovery of permanent total disability benefits under a certificate of insurance issued by defendant to the plaintiff in the sum of $3,000.00. The plaintiff claimed total and permanent disability and alleged that under the provisions of his certificate he was entitled to one-half of that amount, with interest thereon from November 7, 1930.

The defendant denied the material allegations of the complaint and alleged that the plaintiff was not a member in good standing in the association at the time he made application for disability benefits, and, further, that he had been suspended for the nonpayment of dues, and was not entitled to any benefits under his certificate. It further denied that plaintiff had furnished satisfactory proof of his disability, and it specially alleged that under the Constitution,

laws, and by-laws of the association he was not entitled to any benefits whatsoever, for the reason that his proofs of loss show that the injury or disease was contracted as the result of his own vicious, intemperate, and immoral acts, which would constitute a bar to the recovery of the disability benefits in this action.

At the close of all the testimony the defendant made a motion for directed verdict, which was refused. The cause proceeded to trial, and resulted in a verdict in favor of the plaintiff for the sum of $1,500.00, "with interest." But the amount of the interest was not determined, nor did the verdict of the jury fix the date from which it should be calculated. After the rendition of the verdict, the defendant made a motion for a new trial, which was refused.

This appeal is from the refusal of the presiding Judge to direct a verdict in favor of the defendant, and is based upon four exceptions, from which the defendant (appellant here) formulates the four following questions:

"1. Was the plaintiff, here the respondent, properly suspended for failure to pay his dues and installments as required by the Constitution and laws of the defendant, here the appellant?

"2. Was his physical·disability in 'no wise' a result of 'his own vicious, intemperate, or immoral acts'?

"3. Under the Constitution and Laws of the Association was the plaintiff entitled to receive and be paid any disability benefit?

"4. Should not the trial Judge have directed a verdict for the defendant, or upon motion for new trial set aside the jury's verdict?"

In its brief the defendant concedes that the real issue in this case arises under the second question: "Was his physical disability in 'no wise' a result of 'his own vicious, intemperate, or immoral acts'?" We will pass upon this question first.

Plaintiff's right, if any, to recover disability benefits is under Section 61 (c) of the constitution and laws of the association, which is as follows: "Sec. 61. (c) Any member whose certificate so provides, and who, while younger than sixty years of age, and while the certificate is in full force and effect, shall furnish satisfactory proof to the Secretary of the Association at the home office of the Association that he has suffered bodily injury, through external violent and accidental means or by disease, and that he is and will be permanently, totally, continuously and wholly prevented thereby for life from pursuing any and all gainful occupations or performing any work for compensation of value, and provided such disability is in no wise the result of self-inflicted injury, or injury received or disease contracted while engaged in any unlawful act or as a result of his own vicious, intemperate or immoral acts, may have the option of surrendering his certificate for cancellation and receiving settlement thereof, less any indebtedness due to the Associaton, one-half of the face amount of his certificate as a permanent total disability benefit, provided he makes such application prior to becoming sixty years of age or within sixty days after attaining age sixty."

It might be well to advert here to certain well-established rules, adhered to by this Court in considering appeals based upon the refusal of the Circuit Court to grant motions for directed verdicts. The rule is generally recognized that on a motion for a directed verdict the evidence must be considered most favorably to the opponent of that motion, and that the jury may properly pass on inferences from determined facts as well as disputed facts, and contradictions in the testimony of a witness as well as his credibility. *Walker v. New Amsterdam Casualty Co.*, 157 S. C., 381, 154 S. E., 221.

The defendant relies on the testimony of Dr. G. H. Walter, a witness for the plaintiff, to sustain its second ground of appeal. It will be necessary to

briefly review the evidence, which includes certain oral testimony, and written statements introduced into the record as exhibits, and which appear to have been submitted to the defendant by the plaintiff in support of his claim for total and permanent disability. The testimony of Dr. Walter bearing upon the disability or disease of the plaintiff is contradictory and conflicting. On cross examination he stated that the immediate cause of the plaintiff's condition was syphilis and drinking, and in reply to the question, "What is the remote cause of his condition?" he answered, "Syphilis and alcohol." Then in reply to the question, "Is there any special cause for his condition, direct or indirect, in his habits, occupation, or residence?" he replied, "No."

He further testified that the plaintiff formerly used alcoholic beverages freely. To the question, "Is such condition in anywise the result of self-inflicted injury, or injury received, or disease contracted while engaged in any unlawful act, or as a result of his own vicious, intemperate, or immoral acts?" Dr. Walter answered, "No."

It was held in the case of *Keistler Co. v. Ætna Insurance Co.,* 124 S. C., 32, 117 S. E., 70, that a case should be submitted to the jury, not only when the testimony is conflicting, but also when the inferences from it are in doubt.

And in *Trowbridge v. Charleston & W. C. Ry. Co.,* 90 S. C., 183, 73 S. E., 78, it was held that, where the testimony, either of plaintiff or his witnesses, is contradictory, and on one part of it he is entitled to go to the jury, and on the other part he is not, it is for the jury to reconcile the conflicting statements, if possible, and to say which shall prevail.

Announcement of the same rule is to be found in 64 Corpus Juris, at page 356, where we find the following general statement, amply supported by authority, including *Trowbridge v. Charleston & W. C. Ry. Co., supra:* "The rule making the credibility and the weight of testimony a question for the jury applies notwithstanding there are contradictions or

inconsistencies in the testimony of a particular witness, as, for example, where he gives two versions of a transaction, or has made statements calculated to impeach the correctness of observations which he has testified to; or where, on cross examination, the witness contradicts himself.   *   *   *"

While it is true that Dr. Walter in another portion of his testimony somewhat qualified his original statement by giving syphilis and the free use of liquor as the secondary cause of the plaintiff's disability, it is too clear for argument that under the foregoing authorities this issue was properly submitted to the jury by the trial Judge.

Furthermore, in the "Statement of Applicant," submitted to the defendant by the plaintiff, prior to the bringing of this action in support of his claim for total disability, he positively denies that the cause of his disability was the result of his own vicious, intemperate, or immoral acts. Likewise in the "Statement of Camp Officers," appearing as an exhibit in the record, and subscribed to by the consul commander, banker, and financial secretary of the local camp, they answer "No," to the question, "Is such disability in any way the result of self-inflicted injury, or injury received or disease contracted while engaged in any unlawful act, or as the result of his own vicious, intemperate, or immoral acts?"

We think that the Court was undoubtedly right in refusing to direct a verdict.

In passing upon defendant's motion, the presiding Judge was bound to consider the testimony most favorably to the plaintiff, and, under all the facts and circumstances as disclosed by the record, he could not say as a matter of law that the plaintiff's total and permanent disability was the result of his own vicious, intemperate, or immoral acts. The presiding Judge correctly submitted that question to the jury.

As to the remaining questions, the Circuit Judge was correct in submitting the issues therein made to the jury. We have carefully examined the testimony; there was ample evidence to go to the jury.

The verdict of the jury was for $1,500.00, with interest. But, as stated above, the date from which the interest should be calculated was not fixed. This question was not presented to, nor passed upon by, the trial Judge. Both the appellant and the respondent, however, have earnestly requested this Court to consider it, and in order that there may be an end of litigation, we shall not decline to do so.

The complaint demands interest from November 7, 1930, which appears to be the date when the defendant first received notice of the plaintiff's disability, but no application or proof of disability was received by the defendant until October 23, 1933.

It is generally held that, where an amount to which the plaintiff is entitled is wrongfully withheld by the insurer after payment is due, interest on such amount may be allowed as damages in an action on the policy, to be calculated from the time when such amount is due and payable. *Cogsdill v. Metropolitan Life Ins. Co.*, 158 S. C., 371, 155 S. E., 747. The certificate here provided that payment should become due upon the receipt by the company of satisfactory proof of disability. The company denied liability, and refused payment; thus fixing the due date for payment in case of liability. We hold as a matter of law on the undisputed testimony that the amount due the plaintiff became due and payable on October 23, 1933, which was the date the proof of claim was made, and liability denied; and that interest should be calculated from that date. *Eureka Cotton Mills v. Western Union Tel. Co.*, 88 S. C., 498, 70 S. E., 1040, Ann. Cas., 1912-C, 1273; 33 C. J., 230.

We find no error of law. The exceptions are overruled, and the judgment of the Court below is affirmed.

Mr. Chief Justice Stabler and Messrs. Justices Carter, Bonham and Baker concur.