Per Curiam.

This accounting action between parties to a partnership agreement made in 1937 and dissolved in 1941, was begun by plaintiffs in 1942 and this is plaintiffs’ fourth appeal to this court.
On a prior appeal from an interlocutory judgment granting defendant summary judgment on his second counterclaim for an accounting, the issues now urged by appellants with regard to the claimed fatal defects of the judgment in not determining the basis and scope of the accounting before a reference was directed, were litigated but this court aErmed (270 App. Div. 834). Doubtless the court was impressed by the fact that before the appeal was argued, over a year and several months after the entry of the judgment, the reference directed by the judgment had proceeded and was completed. In any event, in view of our afirmance, this is not the forum to relitigate such issues.
The case is unique and exceptional in many respects. The partnership terminated on April 30,1941. For a year and a half after dissolution defendant made no claims against plaintiffs but sought a release from their claims against him. The balance *728 in defendant’s favor was not finally determined until January 31, 1947. On issues concerning the basis and scope of the accounting not presented by defendant in his pleadings or other- . wise until October, 1945, plaintiffs have been charged in 1947 with a judgment for nearly $50,000, including large sums for earnings and for interest going back as far as 1942. On the other hand, during the whole course of this long litigation, plaintiffs did not take the stand in their own behalf either against defendant’s original charge that they defrauded him in respect to an alleged 1939 partnership agreement, rescission of which was directed and affirmed (267 App. Div. 978), or in respect to defendant’s extensive testimony before the referee on this final accounting as to the nature of the investments held after termination of the partnership and the claimed arrangements between the parties with respect to retention of such investments as joint-ventures to await “maturity”. In view of plaintiffs’ failure to meet defendant’s testimony, we feel constrained to approve the referee’s findings in defendant’s favor and the judgment entered thereon with respect to all issues except the substantial amounts allowed for dividends, earnings and certain items of interest. We also consider the allowance for the referee’s fees excessive.
The 1937 partnership agreement drawn by defendant provided that he was to receive 25% of “all profits realized on the sale of securities”. Defendant had no capital interest whatever in the firm. The entire capital was contributed by plaintiffs. The securities were bought entirely with plaintiffs’ money and held at plaintiffs’ capital risk. The agreement had no provision with respect to interest, earnings or dividends. The parties are in equity. In the light of the facts disclosed, defendant was not entitled to earnings or dividends on securities retained before any profit was “realized” on the sales thereof, and is not entitled to interést until the balance in his favor was ascertained as of January 31,1947, except interest on profits actually realized after sales were made, from the dates such sales were consummated.
In settling partnership accounts with respect to interest its allowance necessarily depends upon the circumstances of each case and the right to interest does not always depend on contract or rules of common law but upon principles that prevail in courts of equity (Blun v. Mayer, 189 N. Y. 153, 158; Johnson v. Hartshorne, 52 N. Y. 173, 177). The judgment should be modified accordingly. The dates and the amounts of earnings, dividends and interest in question are accurately ascertainable *729 from the schedules of the accounting and there should be no need of further hearings before the referee or of remanding the case to Special Term. The parties should be able to agree upon the dates and amounts involved and may submit to the court a stipulation amending the account in accordance with this ruling. The judgment should be modified accordingly. If, however, the parties are unable so to agree on such stipulation of facts thus correcting the account with respect to the items in question, the case will be remanded to Special Term to determine the amounts of interest, earnings and dividends disallowed and correct the account accordingly.
On all the facts disclosed we think, too, that the fee allowed the referee was excessive and should be reduced to $3,000.
The judgment of March 26, 1947, so far as appealed from, and the orders appealed from should be modified accordingly by striking out all amounts allowed to defendant for earnings and dividends on the securities before sales or on securities retained and all interest prior to January 31, 1947, except interest at the legal rate on profits realized on sales from the dates such sales were consummated and by reducing the referee’s fee from $5,000 to $3,000. As so modified the judgment, so far as appealed from, and the orders appealed from should be affirmed, without costs.
Peck, P. J., Glekitoh, Dore, Yaet Yoorhis and Shientag, JJ., concur.
Judgment entered March 26, 1947, so far as appealed from, and the orders appealed from, unanimously modified in accordance with opinion by striking out all amounts allowed to defendant for earnings and dividends on the securities before sales or on securities retained and all interest prior to January 31,1947, except interest at the legal rate on profits realized on sales from the dates such sales were consummated and by reducing the referee’s fee from $5,000 to $3,000. As so modified the judgment, so far as appealed from, and the orders appealed from, are unanimously affirmed, without costs. Settle order on notice.