## 16548

ANDERSON *ET AL.* v. PURVIS
(67 S. E. (2d) 80)

*Mr. John D. Nock,* of Cheraw, *for Appellants,*

*Messrs. Samuel Want, Sam Rogol* and *Leroy M. Want,* of Darlington, *for Respondent.*

October 1, 1951.

STUKES, Justice.

This case was very largely decided in the first appeal of it which is reported under the same title in 211 S. C. 255, 44 S. E. (2d) 611. It was there held, in effect, that the respondent mortgagor is entitled to offset of the reasonable value of the professional medical services rendered by him to the mortgagee and the other members of his family, in the nature of *quantum meruit*. Upon trial of the issue of the value of the services the master found $125.00 per year, aggregating $3,125.00 to which interest was added, which was confirmed by decree of the court on appeal.

Appellants have argued three questions, the first and last of which relate to the facts, and particularly to the sufficiency of the evidence to establish the offset of the value of respondent's professional services. They are faced with concurrent findings of the master and court in equity, which will not be disturbed by this court unless without evidence to support them or unless they are against the clear preponderance of the evidence. We have carefully reviewed the record in the light of the argument and have concluded, without difficulty, that the factual findings should be affirmed under the rule. They represent a substantial victory for the appellants. Respondent's claim on its face amounted to over three times the amount awarded by the judgment. Other physicians testified to the usual and customary charges for such medical attention as respondent had given the now deceased mortgagee and his dependents, and in the light of this testimony we think that the amount found is very conservative. The exceptions relating to the factual conclusions are overruled without need of further discussion.

Appellants' second question is more difficult. It challenges the allowance of interest upon the annual amounts awarded for the professional services of the respondent. The master recommended the allowance of interest at the rate of six per cent. per annum which he calculated would total $4,125.00 on the aggregate principal of $3,125.00. The court increased the award of interest by applying the rate of seven per cent

per annum prior to July 1, 1934, when the legal rate was reduced by statute to six per cent. 38 St. at Large, p. 1243.

Appellants contend that no interest should be added because the judgment of offset is upon an open account for which not even annual bills were rendered; and they invoke the general rule that interest does not accrue on open or unliquidated accounts in the absence of governing agreement or statute. S. C. cases in West's S. E. Dig., Interest, Key No. 18. That is a rule of the common law and a court of equity is not compelled to follow it, if found to be against conscience. The judge of the lower court sat in this case as a chancellor and the award or denial of interest upon the implied obligations which gave rise to the offset was within his power, subject to review on appeal. Just as the court of equity is not bound in this case by the statute of limitations, as was held on the first appeal, it is not bound by the general rule of law which denies the recovery of interest on open or unliquidated accounts or demands. Incidentally, the intervening case of *McConnell v. Crocker,* 217 S. C. 334, 60 S. E. (2d) 673, now cited by appellants and in which the statute of limitations was enforced, was an action at law and is, therefore, inapplicable here. The rule in equity with respect to the allowance of interest is clearly set forth in the old cases of *Brown v. Smith,* 3 Rich. Eq. 465, and *Pettus v. Clawson,* 4 Rich. Eq. 92, in which the West's Reprint syllabi are, respectively: "Upon demands bearing interest at law, the Court of Equity is, it seems, bound to allow interest; but where the demand does not bear interest at law, interest will or will not be allowed according to the equity of the case"; and: "Upon demands not bearing interest at law, equity usually allows interest, but may in its discretion withhold it." In the late case of *Epworth Orphanage v. Long,* 207 S. C. 384, 36 S. E. (2d) 37, 50, it was said: "A wide discretion is vested in the Courts in determining whether interest shall be allowed in equity cases." And the following is from *Gaskins v. Bonfils,* 10 Cir., 79 F. (2d) 352, 356: "A court of equity may, in the exercise of its sound discre-

tion, allow interest upon equitable considerations even though it could not be recovered at law. *Woerz v. Schumacher,* 161 N. Y. 530, 56 N. E. 72; *Blun v. Mayer,* 189 N. Y. 153, 81 N. E. 780; *Tuzzeo v. American Bonding Co.,* 226 N. Y. 171, 123 N. E. 142."

The offset is against indebtedness evidenced by promissory note, secured by mortgage, which provided for interest after maturity, January 27, 1932, at the rate of seven per cent per annum and also for ten per cent attorney's fee for collection. The aggregate of principal and interest of the mortgage debt, which is evidenced by the note, far exceeds the offset and interest upon the latter. It would be inequitable to entirely deny interest on the annual accruals for the professional services of the respondent and nevertheless award annual interest on the amount of the note. It is argued that no annual or other demands were made by respondent for payment for his services, which may be countered with the observation that there was likewise no demand upon him by the mortgagee for payment of the principal or interest on the note as it accrued during the long period of years subsequent to 1931.

However, we do not think that interest may be equitably allowed on the offset, as did the trial court, as far back as 1915 when the annual offsets of the value of respondent's services began to accrue. The evidence shows that the mortgage indebtedness was credited with the value of respondent's professional services to certain of the creditor's employees, and the mortgage debt was recalculated on that basis and a renewal note for $5,461.45 was executed by the respondent under date of Jan. 27, 1931, due in one year. It is clearly inferable that respondent had opportunity at that time to demand and obtain credit for the value of his professional services to the mortgagee and his family which had been performed prior to 1931. But the offset which existed at that time was not asserted and, in good conscience, respondent should not now be allowed interest on the value of the

prior services, credit for which he should have, in the exercise of diligence, demanded at that time. Thereafter there was no settlement of any kind between the parties, not even a demand by either upon the other, and we think that interest at the prevailing legal rates should be allowed on the annual accruals of the value of respondent's services, beginning with those for the year 1932; and the decree is modified accordingly.

The trial court did not cast the accounts, but expressly left the cause open for further order or orders. This is affirmed and the calculations may be hereafter made in the lower court under the terms of the decree as herein modified.

The case is remanded for further proper proceedings.

BAKER, C. J., and FISHBURNE, TAYLOR and OXNER, JJ., concur.