**Sadie Pearl JOHNSON, Plaintiff,**

v.

**AETNA INSURANCE COMPANY,
Defendant.**

**Civ. A. No. 68–1083.**

United States District Court
D. South Carolina,
Charleston Division.

Heard Nov. 20, 1969.

Decided Jan. 12, 1970.

Holland Smith, Hampton, S. C., for plaintiff.

Joseph R. Young, of Young, Clement & Rivers, Charleston, S. C., for defendant.

## ORDER

HEMPHILL, District Judge.

To implement a favorable verdict at the hands of a jury, plaintiff moved that the court make an award for interest.

2. Quoting from 20 Am.Jur.; Evidence, Section 1183.

**34**

Aetna Insurance Company had issued policies covering the buildings and contents of a residence and a night club owned by plaintiff. After fire occurred damaging the properties covered under the policies, the parties were unable to agree on the amount Aetna owed plaintiff. Issues were joined by appropriate pleadings and the case was tried. The jury determined that the damage to plaintiff's club amounted to $11,500. Plaintiff was awarded damages for loss to her residence in the amount of $3,803.72.

Questions concerning the proof of loss and related matters have been disposed of by waiver or stipulation and the sole question raised by this motion is whether interest should be allowed upon the amount found to have been due under the insurance policy and if so, from what point in time such interest should accrue. At the threshold, the court is met with the general principles established under a long line of South Carolina cases, that interest cannot be awarded *eo nomine* upon an unliquidated claim. This rule was established at early common law and followed for many years. Ancrum v. Sloan, 2 Spear's Law 594 (1844); Budd v. Union Insurance Co., 4 McCord 9 (1826); Holmes v. Misroom, 1 Tredway 21 (1821); Lamar v. Railroad Co. (1878).

Nevertheless, at early common law it was recognized that although interest could not be awarded *eo nomine* upon an unliquidated claim, it could be included by the jury in its verdict as a component of damages.[1] The reason was given as follows: "The law does not inquire into the particulars of a verdict for damages, and in some cases interest furnishes a just and convenient measure for the jury." Ancrum v. Sloan, 2 Spear's Law 594 (1844). See also Budd v. Union Insurance Co., supra. Knight v. Sullivan Power Co., 140 S.C. 296, 138 S.E. 818 (1927), Wilson v. Atlanta & C. Airline Railway Co., 16 S.C. 587 (1881), as au-

thority for the proposition that interest could be included by the jury in its award of damages.

Interest has been allowed in certain actions, such as a suit upon a note, or for money had and received, the reason being that the subject of controversy was a sum certain. In other actions where the amount in controversy was unliquidated interest was not allowed *eo nomine*, but was allowable in the aggregate of damages. The distinction was a rule of law and based upon the differences in the forms of action at common law. Ancrum v. Sloan, supra. These decisions predated the merger of law and equity and the abolition of the various forms of action. Section 10–8 of the Code of Laws of South Carolina, 1962, provides:

One form of action established.— There shall be in this State but one form of action for the enforcement or protection of private rights and the redress of private wrongs which shall be denominated a civil action.

In the case of Chapman v. Lipscomb, 18 S.C. 222 (1882) the court had occasion to comment upon the effect of the forerunner of present Section 10–8. In that case the court made it clear that legal and equitable matters were to be tried in the same forum. See also Parker & Co. v. Jacobs, 14 S.C. 112 (1880). See also Barron & Holtzoff § 141 at p. 622:

The one civil action under the rules is used to vindicate any civil power the district court has. The demand for judgment forms no part of the claim for relief, and does not restrict the relief to be granted against those appearing and defending; as against such parties the final judgment must grant all the relief to which a plaintiff is entitled, whether or not demanded in the pleadings. Rule 8(e)(2) authorizes a party to state as many separate claims or defenses as he has, regardless of whether they are based on legal or equitable grounds, or

---

[1]. The jury was not charged that it could award interest as part of any damage award. No request for such a charge was made on trial.

on both, and this mandate is reinforced by Rule 18(a), which permits, either as a claim or a counterclaim, as many claims, either legal or equitable or both, as the party may have against an opposing party.

Moreover, the cases that have come to this court's attention denying interest upon an unliquidated claim which were decided after the reforms of civil procedure are distinguishable upon their facts. None involve a claim upon an insurance contract for indemnity for fire loss or otherwise.

In 1951 the case of Anderson v. Purvis, 220 S.C. 259, 67 S.E.2d 80 was before the South Carolina Supreme Court, again raising the question of the propriety of an award of interest upon an unliquidated claim. In that case demand was made upon a mortgage note and the mortgagor counterclaimed. It was found that the mortgagor (a doctor) was entitled to an offset upon the basis of quantum merit for the reasonable value of medical services rendered to the mortgagee and her family over a period of years. The court, trying the case without a jury, fixed a value upon the mortgagor's services. The trial court then added interest to that amount and the South Carolina Supreme Court upheld the allowance of interest. The court recognized the mortgagor's counterclaim was an unliquidated amount, but relied heavily upon the court's equitable powers in allowing interest. In its discussion the court said:

> Appellants contend that no interest should be added because the judgment of offset is upon an open account for which not even annual bills were rendered; and they invoke the general rule that interest does not accrue on open or unliquidated accounts in the absence of governing agreement or statute. S.C. cases in West's S.E.Dig., Interest, ☞18. That is a rule of the common law and a court of equity is not compelled to follow it, if found to be against conscience. The judge of the lower court sat in this case as a chancellor and the award or denial of

interest upon the implied obligations which gave rise to the offset was within his power, subject to review on appeal. Just as the court of equity is not bound in this case by the statute of limitations, as was held on the first appeal, it is not bound by the general rule of law which denied the recovery of interest on open or unliquidated accounts or demands. * * * The rule in equity with respect to the allowance of interest is clearly set forth in the old cases of Brown v. Smith, 3 Rich.Eq. 465, and Pettus v. Clawson, 4 Rich.Eq. 92, in which the West's Reprint syllabi are, respectively: 'Upon demands bearing interest at law, the Court of Equity is, it seems, bound to allow interest; but where the demand does not bear interest at law, interest will or will not be allowed according to the equity of the case'; and: 'Upon demands not bearing interest at law, equity usually allows interest, but may in its discretion withhold it.' In the late case of Epworth Orphanage v. Long, 207 S.C. 384, 36 S.E.2d 37, 50, it was said: 'A wide discretion is vested in the Courts in determining whether interest shall be allowed in equity cases.' And the following is from Gaskins v. Bonfils, 10 Cir., 79 F. 2d 352, 356: 'A court of equity may, in the exercise of its sound discretion, allow interest upon equitable considerations even though it could not be recovered at law. Woerz v. Schumacher, 161 N.Y. 530, 56 N.E. 72; Blun v. Mayer, 189 N.Y. 153, 81 N.E. 780; Tuzzeo v. American Bonding Co., 226 N.Y. 171, 123 N.E. 142.'

67 S.E.2d 81.

█ The prevailing rule in the Fourth Circuit seems to be that the court, may award interest upon an unliquidated claim in the proper circumstances. Montgomery Ward & Co. v. Collins Estate, Inc., 268 F.2d 830 (4th Cir. 1959), involved the construction of a lease of the premises occupied by Montgomery Ward in Spartanburg, S. C. Montgomery Ward originally filed suit and the Collins Estate counterclaimed

for an accounting of all rents due under the lease. After several years of litigation Montgomery Ward dropped the original suit and the district court awarded the Collins Estate a judgment on its claim for an accounting together with interest. It should be noted that the award of interest was made *eo nomine*. The circuit court upheld the judgment as consistent with the decisions of the South Carolina Supreme Court. In reading its conclusion the court said:

> In the judgment rendered below, the trial court included, in the amount of awarded damages, interest 'at the legal rate of 6% on all indebtedness which may be found due landlord, if any, from the respective dates that such indebtedness became payable.' The allowance of interest as compensatory damages, calculated from the time the money due should have been paid until the time of the judgment, is a well recognized procedure. See E. I. DuPont De Nemours & Co. v. Lyles & Lang Const. Co., 4 Cir., 1955, 219 F.2d 328; Chesapeake & Ohio Ry. Co. v. Elk Refining Co., 4 Cir., 1950, 186 F. 2d 30, 36 A.L.R.2d 329. See also 15 Am.Jur., Damages, § 159 et seq. (1938), and we think that South Carolina follows this general rule. Anderson v. Purvis, 1951, 220 S.C. 259, 67 S.E.2d 80; Leaphart v. National Sur. Co., 1932, 167 S.C. 327, 166 S.E. 415; Columbia Lumber & Mfg. Co. v. Globe Indem. Co., 1932, 166 S.C. 408, 164 S. E. 916. See also Epworth Orphanage v. Long, 1945, 207 S.C. 384, 36 S.E.2d 37.

268 F.2d 838, 839.

See also Gipps Brewing Corp. v. Central Manufacturer's Mutual Ins. Co., 147 F. 2d 6, a 1945 case in which the Seventh Circuit recorded a similar result. In *Gipps*, plaintiff, insured, after sustaining fire loss, sued under fire insurance policies when defendant denied liability. The court ruled that plaintiff was entitled to interest prior to judgment, even though the amount of the loss was in dispute and uncertain.

■ Here Aetna was under a contractual obligation to indemnify plaintiff for her losses contingent upon the occurrence of a certain event. Both contracts also contained a promise on the part of the defendant to indemnify the insured within a reasonable time.[2] Thus the contractual obligation to pay plaintiff within a reasonable time arose at the time of the fire even though the amount was in dispute and evidence was necessary to establish it. Even under the most ideal circumstances, some time would elapse before defendant would be in a position to ascertain the amount of the loss and offer to make payment. In this case, however, it appears that negotiations between the parties broke down. Defendant contends that plaintiff never submitted proof of loss or reports, estimates, et cetera, upon which it could determine the amount of the loss. On the other hand plaintiff asserted that defendant was derelict in its responsibility to communicate with plaintiff and attempt to evaluate the claim. This court finds it unnecessary to place the blame for the impasse upon either party, for in the view which it takes of the case such an evaluation would be irrelevant. It is clear that defendant was obligated to plaintiff in some amount as a result of the fires she sustained some injury. It is likewise clear that defendant was entitled to a reasonable length of time to determine that amount before being obligated to make payment. Upon the lapse of that reasonable length of time, plaintiff is entitled to interest upon the amount of its loss, for in a very real

2. Although the policy on the night club and its contents does not specify when the amount of loss becomes payable, the policy covering the dwelling provides that payment be made within sixty days after proof of loss. It appears that the Company was never furnished with a formal proof of loss, however, counsel waived proof of loss at trial. It is assumed that waiver was made for purposes of trial and the court will not bind the defendant under the sixty-day provision due its waiver of proof of loss. The court therefore will give similar treatment to both contracts.

sense the delay in receiving indemnification added to the loss which plaintiff sustained as a result of the fire. The court feels that, under the circumstances, plaintiff is entitled to interest at the rate of six percent from six months after the respective fires.

Accordingly, this court rules that a demand for interest on an award made for a loss payable under a fire insurance policy is different from other unliquidated claims. First, included in the insurance policy is a contractual obligation to indemnify the insured within a reasonable time. Second, the cases appear to give different treatment to these fire loss cases (and indeed all situations involving insurance contracts) than other cases involving unliquidated claims. See annotation 154 A.L.R. 1356, which contains a collection of cases dealing with the problem of interest upon the amount of the loss payable under a fire insurance policy.

In Berry v. Va. State Ins. Co., 83 S.C. 13, 64 S.E. 859 (1909) the plaintiff sued under its fire insurance policy. The trial court apparently allowed the jury to include in its verdict interest from the day of the fire. The Supreme Court ruled the award of interest excessive stating, "By its terms the policy is 'payable sixty days after due notice, ascertainment, estimate and satisfactory proof of loss have been received by the company.' The estimate and proof of loss was dated March 26, 1907 and the insurance became due by the terms of the policy 60 days thereafter. The verdict should therefore have included interest from May 25, 1907." The Supreme Court ordered remitter of the excess interest upon pain of a new trial. It should be noted that the amount of loss in the *Berry* case was uncertain until the trial of the matter and its determination by the jury. The *Berry* case, then, would seem to stand for the proposition that where there is an obligation to pay under an insurance contract, that

interest accrues from the date on which the obligation becomes payable, even though the amount is uncertain and in dispute and trial is necessary to establish its magnitude. Other South Carolina cases allowing recovery of interest upon amounts of loss payable under insurance policies include Columbia Real Estate and Tr. Co. v. Royal Exch. Assurance, 132 S.C. 427, 128 S.E. 865 (1925); Cogsdill v. Metropolitan Life Ins. Co., 158 S.C. 371, 155 S.E. 747 (1930); Powers v. Calvert Fire Ins. Co., 216 S.C. 303, 57 S.E.2d 638, 16 A.L.R.2d 1261 (1950), in which the court ruled interest allowable on the amount due under an insurance policy, although the amount was undetermined until the return of jury's verdict. The South Carolina case provides clear authority for the award of interest upon the amount of loss payable under a fire insurance policy when such amount is included in the verdict.

Here plaintiff sued under its insurance policy and at trial adduced evidence showing the amount of her loss. The jury returned a verdict for the amount of loss, but as interest was not demanded by way of complaint nor the subject of the court's charge to the jury, the verdict did not include an award therefor.[3] Only after the trial, upon motion of plaintiff, did the question of interest arise. The court concludes that it is within its province to make a further award of interest so that the judgment will reflect the true amount of defendant's loss. As authority reliance is had, in part, on Tyler v. Sovereign Camp W. O. W., 177 S.C. 454, 181 S.E. 650 (1935). There plaintiff sued under a certificate of insurance against disability issued by the defendant fraternal order. The jury returned a verdict for plaintiff in the sum of $1500.00, "with interest" but the jury did not fix the amount of interest or the date from which it should run. Under these circumstances the Supreme Court awarded

---

3. With candor this court recognizes that the better practice would direct a charge by the court on interest inclusion/consid- eration as an element of damages. Having omitted to do this, the court adjusts in an attempt to complete justice.

interest as part of the judgment in plaintiff's favor.

 ·Further reliance is had upon the inherent power of the court to redress a grievance and to fashion a remedy when the equities of the situation demand it. This court adheres to the position stated in 47 C.J.S. Interest § 19, at page 30 that interest should be allowed on an unliquidated claim upon the "fundamental principle that full compensation should be given for a loss sustained." Whether interest should be given in this case would appear to be a matter in the court's discretion. Dorsett v. Shore, 254 F.2d 373 (4th Cir. 1957). Epworth Orphanage v. Long, 207 S.C. 384, 36 S.E.2d 37. See also Concordia Ins. Co. v. School District, 282 U.S. 545, 51 S.Ct. 275, 75 L.Ed. 528 (1930).

Accordingly, the Clerk is directed to include in the entry of judgment the following: interest computed at the rate of 6 percent per annum on the $11,500 award for damages to the club from and after March 1, 1969, on the $3,803.72 awarded damage to the residence interest computed at the rate of 6 percent per annum from and after February 19, 1968.

And it is so ordered.