13448

COLUMBIA LUMBER & MFG. CO. *ET AL.* v. GLOBE
INDEMNITY CO. *ET AL.*

(164 S. E., 916)

*Messrs. Tobias & Turner,* for appellant,

*Mr. Roger M. Heyward,* for respondent,

July 13, 1932.

The opinion of the Court was delivered by Mr. Justice Stabler.

This case arose under a contractor's surety bond. On December 3, 1929, a written contract for the construction of a hotel building at Columbia, S. C., was entered into by the Angle-Blackford Company, a contractor, on the one hand, and the Barringer Hotel interests and W. R. and L. S. Barringer, owners, on the other. On January 18, 1930, certain changes were agreed upon and incorporated in a written agreement called "Addenda." For convenience we shall refer to these two papers as the first contract. Under the provisions of this contract, its becoming effective was contingent upon the owner's obtaining certain financial assistance in Columbia, and the owners were allowed to substitute a corporation, to be chartered to take the place of the Barringer Hotel interests, to assume all obligations of the contract as fully as though it had been named originally therein, the contract to bear the signature of W. R. and L. S. Barringer, personally, until such time as the corporation should be formed.

Subsequently the Barringers, having been successful in their financial arrangements, incorporated the Columbia Hotel Company, and on March 11, 1930, a written contract was made between that company, as owner, and the Angle-Blackford Company, as contractor, which we shall refer to as the second contract. The two contracts cover the construction of the same building and are practically identical, except as to the names of the contracting owners.

On March 11, 1930, the date of the second contract, the Angle-Blackford Company, as principal, and Globe Indemnity Company, as surety, gave a bond to the Columbia Hotel Company, as owner, conditioned for the faithful performance on the part of the principal, of its contract, evi-

denced by a written agreement dated December 3, 1929, and addenda dated January 18, 1930, with the owner for the construction of a hotel building, and also for the payment of all persons who might have contracts directly with the principal for labor or materials used in the project. The bond also provided "that any alterations which may be made in the terms of the contract, or in the work to be done under it, * * * or any other forbearance on the part of either the owner or the principal to the other shall not in any way release the principal and the surety or sureties, or either or any of them * * * from their liability hereunder, notice to the surety or sureties of any such alteration, extension or forbearance being hereby waived."

The complaint alleged that the plaintiffs, Columbia Lumber & Manufacturing Company and E. R. Heyward, trading as W. B. Guimarin & Co., in the course of the construction of the hotel, furnished to the Angle-Blackford Company certain labor and materials, upon which certain balances were due, and asked judgment against the Globe Indemnity Company on the bond for such balances, with interest from the dates the final payments were due under their respective contracts.

The indemnity company by its answer alleged that the bond executed referred specifically to a contract which had been abandoned and under which no work had been done, and that a new contract dated March 11, 1930, had been entered into, with which the company was not familiar or concerned and as to the contents of which it was not advised; and for that reason it denied all liability to the plaintiffs.

The case was referred to the master for Richland County, who, after several references, filed his report, in which he construed the terms of the bond as rendering the indemnity company liable, and recommended judgment for the plaintiffs in certain stated amounts, including interest. The indemnity company filed exceptions to this report, and upon

a hearing before Judge W. H. Townsend an order was passed confirming the findings of the master in all respects, except as to interest, which was disallowed. From this decree both sides appealed, the defendant as to its liability on the bond—the main question—and the plaintiffs as to the interest.

The question involved in the appeal, as stated by counsel for the appellant indemnity company, are:

(1) Can a bond, expressly limited by its own terms, be extended to cover a subsequent contract for the same work, made with a different party?

(2) Can a surety on a contractor's bond be held liable on its bond for interest on an open account of its principal, prior to the reduction of this open account to a judgment?

As to the first question, appellant contends, in support of its position, that it bonded the first contract which was abandoned; that it was a stranger to the second contract, under which the hotel was constructed; that the execution of the second contract, particularly because of the substitution of the Columbia Hotel Company as contracting owner, created a novation, which discharged the first contract, and therefore released the surety; and that, if such substitution was not a novation, it was at least such a material variance in the contract as would release the surety, and that the surety was materially damaged thereby. Respondents contend, on the other hand, that the second contract was merely a recodification of the first, and was prepared and executed conformably to a provision in the first contract, and that therefore the bond would cover any work done under the second contract.

The contract insured is decribed in the bond as being one between the Columbia Hotel Company, as owner, and the Angle-Blackford Company as contractor, contained in an agreement dated December 3, 1929, and addenda dated January 18, 1930. This description is not entirely applicable either to the first or to the second contract; in so far as the

contract dates are concerned, it fits the first contract, and, in so far as the names of the contracting parties are concerned, it fits the second contract, that of March 11, 1930. As the last named contract was the only one to which the Columbia Hotel Company was a party, it might be contended that, if the bond did not cover this contract, it covered no contract at all. The appellant, however, does not go so far as to take this position, insisting rather that the bond covered the first contract. But there would seem to be at least as good reason for saying, under the terms of the bond as drawn, that it covers the contract dated March 11, 1930, between the Angle-Blackford Company and the Columbia Hotel Company, as for saying that it covers the contract dated December 3, 1929, and January 18, 1930, between the Angle-Blackford Company and the Barringers. In addition, in his argument appellant's counsel particularly stressed the importance to it, in determining whether it will bond a contract, of the identity of the parties thereto, saying that a contract is only as good as its subscribing parties, and contending that the difference in the identity of the parties to the two contracts here involved is "the crux of the case." Is not this view of the matter, the surety company having, in the bond, expressly recognized the Columbia Hotel Company as the contracting owner of the building to be constructed and the beneficiary of the bond, an almost conclusive reason for saying that the contract—and the only one—to which the Columbia Hotel Company is a party, that is, the contract of March 11, 1930, is the one covered and intended to be covered by the bond?

Approaching the matter from a slightly different angle, we observe that the first contract, which appellant claims to have bonded, specifically authorized the substitution of a corporation as contracting owner; that the second contract effected this substitution; that the two contracts are practically identical except as to the names of the owners and provide for constructing the same building; that the bond

was executed on the same day as the second contract; and, finally, that the premium was paid to and has been retained by the surety company, which, if its contention that the contract it bonded was canceled on the very day the bond was issued is correct, has received and retains $4,831.65, in return for which it could not possibly have rendered any service or incurred any liability.

Under all these facts and circumstances, we can reach no other conclusion than that the contract covered by the bond was that of March 11, 1930; and further, even if it should be held that the first contract was the one covered by the bond, this could not avail the appellant, for the reason that the second contract is nothing more than a redrafting of the first with the allowed substitution of the Columbia Hotel Company—recognized by the bond as its beneficiary—as owner.

As to the second question, the parties to the suit agree that interest is not recoverable on an open or unliquidated account; they are in disagreement, however, as to the nature of the claims here sued upon; the indemnity company contending that such claims are open accounts, while plaintiffs contend that they are liquidated by the terms of the written contracts and consequently bear interest.

Under the contracts certain payments were to be made during the progress of the work; and final payment was due to the lumber company within thirty-three days after fulfillment of its contract and to Heyward within ninety days after fulfillment of his contract. The work was accepted on February 17, 1931, and the master allowed interest from the respective due dates of the final payments as ascertained from the contracts.

In *Ryan v. Baldrick,* 3 McCord, 498, the plaintiff sued upon a written agreement, the terms of which were that the defendant, in consideration of plaintiff's services, would allow him 1,200 pounds of cotton on January 1, 1824. The jury allowed interest, and the defendant appealed. In deny-

ing the appeal, the Court said: "It is no longer necessary to provide expressly for the payment of interest, as we every day see in the cases of bonds, promissory notes, and bills of exchange. But it is left to the Courts to determine whether the contract is of such a nature as to carry interest; that is to say, to establish some principle which shall be applicable to all cases. *It seems to be implied from the breach of a written promise to pay money on a given day that the party will pay interest.*" (Italics added.)

In the same case it is pointed out that even "for the breach of a written promise to deliver any specific article interest may be recovered."

In *Dorrill v. Stephens,* 4 McCord, 59, it was held that a written lease to pay a certain sum annually carries interest if the amount be not paid when due.

In *Siter & Price v. Robinson,* 2 Bailey, 274, it is said (quoting syllabus): "Where the amount of plaintiff's demand is liquidated in writing, and a day appointed for payment, the jury have no discretion to refuse interest on the debt from that day."

In *Ancrum v. Slone,* 2 Speers, 594, it is said that interest is allowable "if the sum is certain or capable of being reduced to a certainty, from the time when, either by the agreement of the parties or the construction of law, the payment was demandable."

Very similar to the case at bar is *Tappan v. Harwood,* 2 Speers, 536, a suit on a building contract for the sum of $15,000, to be paid at various stages of the building, the last installment of $5,000 to be paid when the buildings were finished. The defendant claimed that he was entitled to certain discounts by reason of the contractor's faulty workmanship, etc. The Court said: "The sixth and seventh grounds present the question whether interest can be allowed on this contract by way of damages. By the decisions of this State, wherever a party stipulates in writing to pay money on a certain day, or on the performance of any stipulation or con-

tract, interest is allowed. * * * On the admitted completion and receipt of the buildings, interest would have been unquestionably allowable from the time of completion. *The discount claimed by the defendant may reduce the amount covenanted to be paid, but does not impair the claim for interest on the balance, when adjusted by the verdict of the jury."* (Italics added.)

The amounts due to the plaintiffs here under their contracts, if not certain, were at least capable of being reduced to a certainty, and were payable at definite, or definitely ascertainable, dates. Under the authorities cited, the claims would clearly bear interest from their respective due dates, any discounts which might be shown to exist not impairing the claim for interest on the balance, when such balance was adjusted by the finding of the Court.

The judgment of the Circuit Court is therefore modified by allowing interest on the respective sums for which judgment was rendered in favor of the plaintiffs from their respective due dates as found by the master; and, as thus modified, it is affirmed.

MR. CHIEF JUSTICE BLEASE, MESSRS. JUSTICES CARTER and BONHAM and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.