17491

CRANE CO., Respondent, v. CONTINENTAL CASUALTY CO., Appellant

(106 S. E. (2d) 674)

*Messrs. Cooper & Gary* and *Frank K. Sloan,* of Columbia, *for Appellant,*

*Messrs. Herbert & Dial, R. Beverley Herbert, Jr.,* and *George L. Dial, Jr., for Respondent,*

January 14, 1959.

Legge, Justice.

This is an action against the surety on a contractor's performance bond, seeking payment for certain plumbing equipment and materials allegedly furnished by respondent to a subcontractor and used by him in the construction of a school building, the subject of the contract. Involved were: 16 invoices, totalling $5,165.09, for equipment and materials that appellant admitted had been received and installed in the building; and 5 invoices, totalling $4,290.76, for equipment and materials that appellant denied had been received and installed.

The trial judge directed a verdict for respondent in the sum of $5,165.09, the amount of the invoices first above mentioned. As to the others he submitted to the jury the single question whether or not the equipment and materials covered by them had been received and installed. The jury answered that issue in the affirmative; and the trial accordingly resulted in judgment in respondent's favor for the full amount sued for, $9,455.85. Thereafter the trial judge ruled that respondent was entitled, as a matter of law, to interest on the entire amount of the claim.

This appeal charges error:

1. In the trial judge's refusal to submit to the jury the question of payment; and

2. In his ruling as to interest.

In the first of these assignments of error appellant takes the position that under the pleadings the burden was upon respondent to prove nonpayment of the invoices sued upon.

The amended complaint, after formal allegations as to the corporate existence of the parties, alleged that Crosland-Roof

Construction Company entered into a contract with the Horry County Board of Education for the construction of a school at Myrtle Beach, S. C., and that the said Crosland-Roof Construction Company subcontracted with one F. Pat Cavanaugh, d/b/a Green Plumbing & Heating Company, for the furnishing of certain plumbing and plumbing fixtures for use in and about the construction of said school. It then proceeds, in paragraph 6, to allege that the plaintiff, at the instance and request of the said F. Pat Cavanaugh, doing business as Green Plumbing & Heating Company, sold to him certain plumbing equipment and material that was used in and about the construction of said school, amounting to the value of $9,455.85, as more fully set out in certain individual invoices and credit memoranda. Here follows a list of invoices, with their numbers, dates and amounts, aggregating $9,579.42, and five credit memoranda, likewise numbered and dated, aggregating $123.57. Paragraph 7 alleges issuance by the defendant of its bond insuring the performance of the contract between the owner and the general contractor, principal under the bond, and providing that all persons furnishing labor or materials for use in or about the improvement shall have a direct right of action under the bond. The final paragraph, No. 8, of the amended complaint alleges "that although demand has been made of the subcontractor Green Plumbing & Heating Company, the general contractor Crosland-Roof Construction Company and the bonding company, the defendant herein, the plaintiff has received no payment by cash, discount or otherwise and the full amount of said account is still due, together with interest," etc.

In its amended answer the defendant sets out two separate defenses. In the first of these it:

(a) Denies all allegations of the complaint not specifically admitted;

(b) Admits the formal allegations, the contract between Crosland-Roof Construction Company and Horry County

Board of Education, and issuance by the defendant of the performance bond in question;

(c) "Denies the remaining allegations of the complaint, and in answer thereto denies that there was received by the principal general contractor or used on said construction project the following materials listed on the statement of account attached to the complaint". (Here follows a list of 5 invoices). "Further it admits that to the best of its knowledge, information and belief the following materials were installed on said construction project." (Here follows a list of 16 invoices). "But alleges that same were paid for, including the cost of installation by the general contractor to one F. Pat Cavanaugh, d/b/a Green Plumbing & Heating Company, who was the plumbing contractor on said job and who purchased said materials from plaintiff."

In its "Second Defense" the defendant alleged upon information and belief that the plaintiff sold and furnished to Cavanaugh certain plumbing fixtures and supplies, and that some part thereof was used in the construction of the Myrtle Beach School; but that Cavanaugh was at the time engaged in performing some five or six plumbing contracts on which he used said plumbing fixtures and supplies purchased from the plaintiff, and that the defendant "is not liable under its bond for any alleged failure of Cavanaugh to pay for materials used on other contracts." With reference to the "Second Defense" it will be noted that the complaint related only to plumbing equipment and materials alleged to have been used in the construction of the Myrtle Beach school.

Whether plaintiff's allegation of nonpayment was put in issue by the first defense is an interesting question, and one that is extensively annotated in 100 A. L. R. 280 *et seq.* But we need not concern ourselves with it or with the question whether these pleadings entitled the defendant to offer proof of payment. The trial judge having ruled that the plaintiff must prove nonpayment, it proceeded to do so by the manager of its South Carolina branch, who testified categorically that plaintiff had received no payment for any

of the items shown on the invoices in controversy. His testimony was uncontradicted; and the defendant offered no evidence of payment.

In this state of the record, and there being no issue as to the correctness of the amount billed under each invoice, we think that the trial judge properly directed a verdict for the plaintiff as to the 16 invoices for equipment and materials admittedly received and installed in the school building.

As to the 5 invoices for equipment and materials the receipt and installation of which the defendant had denied, there was likewise no evidence from which payment could reasonably have been inferred; and the only issue was whether or not they had been received and installed. That issue was properly submitted to the jury, and the evidence amply supported their verdict.

The amounts due to the plaintiff were certain, or at least capable of being reduced to a certainty, being fixed by the invoice prices, which are not challenged. They were payable at definite, or definitely ascertainable, dates. We find no error in the allowance of interest on the plaintiff's claim. *Columbia Lumber & Mfg. Co. v. Globe Indemnity Co.,* 166 S. C. 408, 164 S. E. 916; *Leaphart v. National Surety Co.,* 167 S. C. 327, 166 S. E. 415.

Affirmed.

STUKES, C. J., and TAYLOR, OXNER and MOSS, JJ., concur.