UNITED STATES of America for the Use of WESTON & BROOKER COMPANY, a Corporation, Appellee,

v.

CONTINENTAL CASUALTY COMPANY, Appellant.

No. 8504.

United States Court of Appeals Fourth Circuit.

Argued March 19, 1962.

Decided May 8, 1962.

**92**

Joseph R. Young, Charleston, S. C. (Hagood, Rivers & Young, Charleston, S. C., on the brief), for appellant.

George L. Dial, Jr., Columbia, S. C. (R. B. Herbert, Jr., and Herbert & Dial, Columbia, S. C., on the brief), for appellee.

Before BOREMAN, BRYAN, and BELL, Circuit Judges.

J. SPENCER BELL, Circuit Judge.

This is an appeal from the District Court's Order, striking the defendant's Answer and awarding judgment to the plaintiff in accordance with the prayer of the Complainant. Plaintiff brings suit under 40 U.S.C.A. § 270b upon a payment bond given by the defendant, Continental Casualty Company, as surety and its principal in connection with construction work done on the Polaris Missile Assembly at Liberty Hall, South Carolina.

The plaintiff alleged that it furnished materials to a subcontractor at the joint instance and request of the subcontractor and of the prime contractor, who was, of course, the principal on defendant's bond. Itemized invoices were attached showing that between November 28, 1959, and March 11, 1960, the plaintiff delivered to and billed the subcontractor for materials for a total of $1,631.10; that between July 20, 1960, and August 2, 1960, materials were delivered to the project and billed to the prime contractor at its specific request in the amount of $1,404.36.

On February 2, 1961, this suit was begun and on February 25th a timely answer was filed which denied all except the jurisdictional allegations of the Complaint. Subsequent sworn answers to interrogatories admitted the indebtedness of the prime contractor in the amount of $1,404.36 as alleged in the Complaint. On June 15th the plaintiff mailed additional interrogatories to the defendant, receipt of which was acknowledged on June 23rd. These interrogatories, eight in number, were not answered until thirty-nine days later on August 1st, nor was any extension of time requested by the defendant. In the interim, on July 24th the plaintiff made the motion which resulted in the judgment, entered on August 29th, from which this appeal is taken. The court below supported its exercise of discretion on the grounds that defendant's Answer, denying facts which were clearly within its knowledge and later admitted in its sworn answers to interrogatories and its failure to answer the second set of interrogatories on time, together with the fact that there were pending in court twenty-seven different actions on the same bond, convinced the court that defendant was engaged in dilatory tactics and that it had no valid defense to plaintiff's claim.

Defendant's counsel here contends that the court below abused its discretion. On this record, we cannot agree. The Rules were designed to secure "the just, speedy and inexpensive determination of every action" Fed.R. Civ.P. rule 1, 28 U.S.C.A. A defendant may not ignore the plain mandate of the Rules. The defendant's assumption that he could with impunity ignore the requirements of Rule 33 because the next term of court at which the case might presumably be tried was several months away shows a basic misunderstanding of the purpose and spirit of the Rules. A party to an action has the right to have the benefits of discovery procedure promptly, not only in order that he may have ample time to prepare his case before scheduled trial, but also in order to bring to light facts which may entitle him to summary judgment or induce settlement prior to trial.

The sanctions authorized by Rule 37(d) should not be applied in the absence of wilful failure to comply with

the provisions regarding discovery; however "wilful failure" does not necessarily include a wrongful intent to disobey the rule. A conscious or intentional failure to act, as distinguished from an accidental or involuntary non-compliance, is sufficient to invoke the penalty. Brookdale Mill v. Rowley, 218 F.2d 728 (6 Cir. 1954). We would have some hesitancy in supporting the judgment below in view of the fact that the interrogatories in question were in fact answered prior to judgment but for the fact that the record offers other support for the court's conclusion that defendant was but delaying the inevitable by its procrastination. The inconsistency between defendant's formal unsworn Answer and the sworn answers to interrogatories admitting its liability for almost half the amount sued for raises a permissible inference that the defendant was not energetically seeking to throw light on the facts at issue.

[6] We think the appellant's contention with respect to the court's allowance of interest is without merit. The condition of defendant's bond was that its principal make prompt payment of the obligations incurred. The terms of the invoices made payment due upon delivery. In this posture of the case, the court below entered judgment for the plaintiff upon an account for goods sold and delivered based upon specific invoice prices. The effect of the judgment was to accept the plaintiff's allegations as the established facts of the case. Thus we have a case for a sum certain or at least capable of being reduced to a certainty and payable at definite or definitely ascertainable dates.

Interest under the Miller Act, 40 U.S.C.A. § 270b, is allowable in accordance with the law of the state in which the contract is to be performed. Illinois Surety Co. v. John Davis Co., 244 U.S. 376, 37 S.Ct. 614, 61 L.Ed. 1206 (1917); Continental Casualty Co. v. Clarence L. Boyd Co., 140 F.2d 115 (10 Cir. 1944).

We think the judge could have allowed interest under South Carolina law from the date of each invoice since by their terms they were payable on delivery, and under the terms of this bond the surety is bound in like manner as its principal. Rules and Regulations Implementing Title 41-Public Contracts § 54.16. Cf. New Amsterdam Casualty Co. v. U. S. Shipping Board Emergency Fleet Corp., 16 F.2d 847 (4 Cir. 1927). On this point the appellee does not complain. Clearly the court was within the law of South Carolina (Code of South Carolina § 12.8) in allowing interest from thirty days after the final invoice date. Crane Co. v. Continental Casualty Co., 234 S.C. 44, 106 S.E.2d 674 (1959); Columbia Lumber & Mfg. Co. v. Globe Indemnity Co., 166 S.C. 408, 164 S.E. 916 (1932).

It is clear from the record and briefs in this case that the delays herein are chargeable to the defendant and not to counsel; nor do we criticize counsel for refusing to go beyond the record in stating whether or not in his opinion his client had a meritorious defense. The defendant alone must bear the responsibility for its conduct.

The decision of the court below is affirmed.

Affirmed.