STAR CONTRACTING CORPORATION *v.* MANWAY
CONSTRUCTION COMPANY, INC., ET AL.

SUPERIOR COURT        HARTFORD COUNTY        FILE NO. 181275

Memorandum filed November 29, 1973

*Morris W. Mendlesohn* and *Charles Henchel,* for
the plaintiff.

*Tyler, Cooper, Grant, Bowerman & Keefe,* for
the named defendant et al.

*Marsh, Day & Calhoun,* for the defendant Fidel-
ity and Deposit Company of Maryland.

ALEXANDER, J.   The plaintiff subcontractor
brought suit against the defendant Fidelity and
Deposit Company of Maryland, hereinafter referred
to as the defendant, on a surety bond issued for
general contractors engaged in construction of
public housing.   Such a bond was required by
§ 49-41 of the General Statutes.   The defendant has
demurred to the second count of the amended com-
plaint on the ground that it does not allege fulfil-
ment of a condition precedent to the payment obli-
gation of the defendant general contractors,

Manway Construction Company, Inc., and Damar Construction Corporation, under the primary contract. That condition precedent is payment by the Hartford housing authority to the general contractors for work done by the plaintiff subcontractor. Paragraph twenty-three of the primary contract provides in relevant part: "Partial payments by the Contractor [the defendant's principals on the surety bond] to the Subcontractor [the plaintiff] hereunder shall be made only at such time or times as payments made by the Owner [housing authority of the city of Hartford] to the Contractor shall include work completed by the Subcontractor, and then only in the ratio that work performed by the Subcontractor bears to all work to be done by him under this subcontract or the extent that the Contractor has received payment for such work, whichever is the lesser. In any event, payment will not be made by the Contractor to the Subcontractor until the Owner has made payment to the Contractor for the work."

This court sustained the demurrer of the general contractors to the first count of the plaintiff's amended complaint. It was held that since no allegation was made that the condition precedent to the general contractors' payment obligation under the subcontract (payment by the Hartford housing authority to the general contractors for work alleged to have been done by the plaintiff subcontractor) had been fulfilled, there was no cause of action against the general contractors on the subcontract price.

In effect, the demurrer here contends that since no cause of action was made out against the defendant's principals on the surety bond, no cause of action exists against the defendant on the surety bond.

Section 49-41 of the General Statutes is quoted in the footnote.[1] In *Pelton & King, Inc.* v. *Bethlehem,* 109 Conn. 547, 556, our Supreme Court noted that section's purpose. "It is clear that the primary purpose of the statute is to protect and benefit those who furnish materials and labor to the contractor on public work, in that they may be assured of payment of their just claims, without defeat or undue delay."

It is a fundamental precept of suretyship law that the liability of the surety is conditioned on accrual of some obligation on the part of the principal; the surety will not be liable on the surety contract if the principal has not incurred liability on the primary contract. 1 Brondt, Suretyship and Guaranty, c. 3; Grant, Suretyship, c. 1 § 17; Restatement, Security, c. 5; Stearns, Suretyship (5th Ed.) § 7.20. "In the absence of limitations or restrictions contained in the (surety) contract, the liability of the surety is coextensive with that of the principal." 72 C.J.S., Principal and Surety, § 92. "The surety's promise is in the same terms as that of the principal and the consequent duty similar and primary . . . ." Arant, Suretyship § 17.

The Connecticut statutory provision requiring surety bonds in public structures contracts, Gen-

---

[1] "Sec. 49-41. PUBLIC STRUCTURES. BONDS FOR PROTECTION OF EMPLOYEES AND MATERIALMEN. Before any contract exceeding one thousand dollars in amount for the construction, alteration or repair of any public building or public work of the state or any subdivision thereof is awarded to any person, such person shall furnish to the state or such subdivision a bond in the amount of the contract which shall be binding upon the award of the contract to such person, with a surety or sureties satisfactory to the officer awarding the contract, for the protection of persons supplying labor or materials in the prosecution of the work provided for in such contract for the use of each such person. Nothing in sections 49-41 to 49-43, inclusive, shall be construed to limit the authority of any contracting officer to require a performance bond or other security in addition to the bond herein referred to."

eral Statutes § 49-41, is patterned after the federal Miller Act. 49 Stat. 793; 40 U.S.C. §§ 270a–270f (1935). *International Harvester Co.* v. *L. G. De-Felice & Son, Inc.,* 151 Conn. 325. Decisions involving surety contracts under the Miller Act have consistently regarded the liability of the surety as substantively coextensive with that of the principal. *Sam Macri & Sons, Inc.* v. *United States ex rel. Oaks Construction Co.,* 313 F.2d 119; see also *United States ex rel. Weston & Brooker Co.* v. *Continental Casualty Co.,* 303 F.2d 91; *Houston Fire & Casualty Ins. Co.* v. *E. E. Cloer General Contractor, Inc.,* 217 F.2d 906; *Royal Indemnity Co.* v. *Woodbury Granite Co.,* 101 F.2d 689, cert. dismissed, 308 U.S. 628; *American Casualty Co. of Reading, Pa.* v. *Assiran,* 289 F. Sup. 645; *United States ex rel. Miller & Bentley Equipment Co.* v. *Kelly,* 192 F. Sup. 274; *United States ex rel. Farwell, Ozmun, Kirk & Co.* v. *Shea-Adamson Co.,* 21 F. Sup. 831; *United States ex rel. Johnson* v. *Morley Construction Co.,* 17 F. Sup. 378, modified on other grounds, 98 F.2d 781, cert. denied, 305 U.S. 651. "[T]he surety is liable in those cases in which the principal would be liable." *Royal Indemnity Co.* v. *Woodbury Granite Co.,* supra, 692. In *Houston Fire & Casualty Ins. Co.* v. *E. E. Cloer General Contractor, Inc.,* supra, 910, the United States Court of Appeals recognized "the principle that where the surety elects to step into the shoes of the contractor . . . [i]t becomes entitled to all the benefits and assumes all the liabilities."

It must be acknowledged that bonds furnished in compliance with the mandate of General Statutes § 49-41 are construed as embodying the terms of that statute. *Johnson Acoustics, Inc.* v. *P. J. Carlin Construction Co.,* 29 Conn. Sup. 457. With regard to the present matter, construing the liability of the surety as coextensive with that of the

principal does not subvert the public policy effected by § 49-41 because that statute was not intended to afford legal recourse against a surety when no such recourse existed against the principal, i.e., the statute does not give the subcontractor something that he is not entitled to under his primary contract.

The plaintiff's complaint fails to set forth a viable cause of action against the principals to the surety bond. Accordingly, no cause of action has been made out against the surety, and the demurrer of the defendant must be sustained.

That holding is not, however, to say that the plaintiff is absolutely precluded from recovery under the surety contract. See, e.g., *Public Market Co.* v. *Portland,* 171 Ore. 522, where the Oregon Supreme Court cited 3 Williston, Contracts (Rev. Ed.) § 677 for the principle that if the promisor is himself the cause of failure of the condition upon which his payment obligation depends, he cannot take advantage of the failure; see also *Central Steel Erection Co.* v. *Will,* 304 F.2d 548, where the court notes that a surety may be liable for a recovery based on quantum meruit; 66 Am. Jur. 2d, Restitution and Implied Contracts.

This court holds only that under the circumstances alleged in the second count of the plaintiff's complaint, there is no viable cause of action against the defendant on the surety bond. That holding is made on the assumption that there are no limitations or restrictions contained in the surety bond.

The demurrer is sustained.