533 P.2d 686

**CENTRAL CYCLE SALES, INC., an Arizona Corporation, Appellant,**

v.

**Darell Lee OBERT, a single man, Appellee.**

**No. 2 CA–CIV 1787.**

Court of Appeals of Arizona, Division 2.

April 9, 1975.

Rehearing Denied May 20, 1975.

Review Denied Sept. 18, 1975.

May & Dees by C. Robert Pursley, Tucson, for appellant.

Jerome A. Zuravsky, Tucson, for appellee.

HATHAWAY, Judge.

## OPINION

Appellee Obert, an employee of Central Cycle Sales, Inc., appellant, sued appellant for an alleged breach of employment contract and included a claim for treble damages under A.R.S. § 23–355. Default judgment was entered against defendant for failure to answer non-uniform interrogatories and we are called upon to determine whether the default judgment was an appropriate sanction under the circumstances.

Plaintiff's complaint was filed on November 30, 1973, and was answered on December 14, 1973. The interrogatories were submitted to defendant by mail on or about

January 24, 1974. Not having received answers to the interrogatories by February 26, (30 days after service plus 3 days for mailing), plaintiff's attorney telephoned defense counsel's office on the 11th and 12th of March, but was unable to contact him. Having received no response to his telephone calls, plaintiff's attorney wrote a letter to defense counsel on March 15, inquiring as to when answers to the interrogatories would be forthcoming. Receiving no response to his letter, plaintiff's attorney on March 27 filed his motion to compel answers to the written interrogatories and a notice of hearing on the matter, set for April 8, was served on defense counsel. Plaintiff's attorney appeared for the hearing but defense counsel did not. Consequently, hearing on the motion was continued until April 15, and notice was again served on defense counsel. Again plaintiff's attorney appeared but defense counsel did not. Finding no opposition to plaintiff's motion, the court granted it and defendant was given until May 15 to produce the answers. The order provided:

> "IT IS FURTHER ORDERED that in the event the answers are not served and filed by May 15, 1974 the court will, upon application by plaintiff but without further notice to defendant Central Cycle Sales, Inc., order that default of said defendant be entered."

On May 16, plaintiff filed a verified motion for entry of default and the trial judge signed the order of default. On May 20, five days beyond the ordered deadline, defendant filed its motion to set aside default along with an affidavit and an unverified copy of defendant's answers to the interrogatories. The only explanation offered for not complying was the illness and absence from the office of one of defense counsel's secretaries on May 16 and 17, *after the deadline had passed.*

The motion was argued and submitted to the court on May 29. On June 20, the court denied defendant's motion to set aside default and on July 17, judgment was entered for plaintiff.

Appellant concedes that the trial court is empowered to grant a default judgment when a party fails to obey a court order to provide or permit discovery, such sanction being specifically authorized under Rule 37(b)(2)(C), Arizona Rules of Civil Procedure, 16 A.R.S.

Clearly the sanction imposed was severe. Strong methods were justified, however, in view of defendant's abuse of the rules of civil procedure and total disregard of the court's order. Diaz v. Southern Drilling Corp., 427 F.2d 1118 (C.A. 5th 1970); U. S. for Weston & Brooker Company v. Continental Casualty Company, 303 F.2d 91 (C.A. 4th 1962); Cage v. New York Central Railroad Company, 276 F.Supp. 778 (W.D.Pa.1967).

■ At no time has appellant complied by furnishing the answers ordered. The unverified responses do not suffice and are in violation of Rule 33(a). Nagler v. Admiral Corporation, 167 F.Supp. 413 (1958).

■ Nor is appellant's argument that the matter was set for trial in February 1975, and that appellee was not prejudiced by its failure to timely file answers to the interrogatories, meritorious.

Such an argument was presented in U.S. for Weston & Brooker Co., supra, and rejected there by the court, observing:

> "The defendant's assumption that he could with impunity ignore the requirements of Rule 33 because the next term of court at which the case might presumably be tried was several months away shows a basic misunderstanding of the purpose and spirit of the Rules. A party to an action has the right to have the benefits of discovery procedure promptly, not only in order that he may have ample time to prepare his case before scheduled trial, but also in order to bring to light facts which may entitle him to summary judgment or induce settlement prior to trial." 303 F.2d at 92.

■ Considering the overall circumstances presented to the trial court and the

total lack of excuse on the part of appellant, we find that the sanction imposed was justified.

Judgment affirmed.

HOWARD, C. J., and KRUCKER, J., concur.